Mr. Justice Peat
delivered the opinion of the court.
This was an action of indebitatus assumpsit, for goods, wares and merchandise sold in 1816, in Baltimore, by Luke Tiernan and his deceased partner, to Joseph E. Davis, Michael Tiernan and Patrick Tiernan, merchants, then doing business in co-partnership in the state of Mississippi. The death of the defendant Michael Tiernan was suggested and the suit as to him abated. The writ was returned “ not found” as to Patrick Tiernan, .and no further notice seems to have been taken of him in the progress of the case. The remaining defendant, irow appellant, appeared and filed two several pleas, of the statute of limitations. First, Non assumpsit within six years, and secondly, Non assumpsit within three years. To each of which pleas the plaintiff replied, “ that the moneys sued for became due and payable on trade between the plaintiff and defendant as merchants and wholly concerned the trade of merchandise.” The defendant filed rejoinders traversing the averments of the replications, and concluded to the country. The plaintiff joined in the issue thus tendered. Upon these issues there was a verdict for the plaintiff for 6,401 dollars 90 cents, and final judgment thereon. From which judgment the appellant has appealed to this court.
The first error assigned is: That the court erred in refusing to charge the jury as asked for by the defendant.
The charge asked for was as follows:
1. That if the jury believed the account sued on in this action, is for goods, wares and merchandise sold and delivered by the firm of'Luke Tiernan & Co., to Joseph E. Davis & Co., in the year 1816, that then they must find for the defendant, unless they believe from the evidence before them, that at the time of the *802 sale and delivery of said goods, &c., there were mutual accounts, consisting of reciprocal demands between the firm of Luke Tier-nan & Co., and Joseph E. Davis & Co. as merchants.
And 3. That if they believe the account as sued on, was by the agent of the plaintiff presented to the defendant in the year 1835, and that the defendant then admitted said account to be correct, and that the firm of Joseph E. Davis & Co. stood indebted to the firm of Luke Tiernan & Co. as charged in said account, and that said admission was then acquiesced in by the plaintiff’s agent, that such admission and acquiescence made it an account stated, and as such it was not within the exception contained in the statute of limitations in favor of such accounts as concern the trade of merchandise between merchant and merchant.
The correctness of the first point of the charge asked for by the counsel of the defendant, depends upon the construction to be given to the fourth section of the act for the limitation of actions, &c. The language of the statute, so far as it relates to the present case, is: “All actions of trespass, quare clausum fregit, &c,, except actions for slander, and except also such actions as concern the trade of merchandise between merchant and merchant, their factors, agents, and servants, shall be commenced and sued within six years next after the cause of action shall have accrued, and not after.” Rev. Code, 108, s. 4.
Our statute in respect to this subject is the same in substance as the English statute, which has been adopted by most of the states of this Union. The decisions in England upon this statute, through a long series of years, have been continually fluctuating and conflicting, nor is the question, so far as we know, yet settled. The American decisions seem to be as variant from each other as those of England; and there is scarcely a state where the adjudications upon the provision under consideration maintain a uniform. character.
It is deemed unnecessary to enumerate and comment upon the various decisions, English and American, which have been rendered on this subject. This has been done by Chancellor Kent, in 5 Johns. Chan. Rep. 533; by Angelí in his treatise on the Limi *803 tations of Actions, 196; by the editors of Saunders’s Reports, vol. 2, p. 127, in note 6; and by Senator Vielie, in the case of Meerry v. Corte, 20 Johns. Rep. 590.
The reason of this exception in the statute, is generally stated to be, because it often happens that merchants, who are as partners, or hold correspondence one with another in several parts of the Avorld, may have mutual accounts current between them for several years before they have an opportunity of meeting to state them. And in accordance with this reason, it was formerly held, that no order of tradesmen but merchants, were entitled to the benefit of the exception; yet it seems to be now settled that all persons having mutual accounts are entitled to it if the last item in the account be within six years. Angelí on Limitations, 198.
The reason of the exception then, taken in connection with the adjudications upon it, does not so manifestly appear as was at first supposed. But as we understand it, from the statute itself, and from the opinions of the many judges who have made it the subject of their comments, it was intended for the protection of merchants generally, having extensive mutual accounts current, consisting of reciprocal demands. These accounts are frequently of a complicated character, commencing with an enterprise which is to extend through a series of years, and during the operation of which it would be impracticable to close them. But as no distinctive line could be drawn between those extensive and complicated mercantile operations, and those of a more simple and circumscribed character, the courts found themselves compelled to extend the exception to all cases where there were mutual dealings.
Entertaining these views of the exception, we cannot believe it was ever intended to save from the operation of the statute of limitations, an account of the sale of a single lot of goods, however large in amount. In principle, there would be no more reason in extending the exception to such an account, than to a promissory note. “ The exception must have intended open and current accounts, when there were mutual dealings and mutual credits.” 20 Johns. Rep. 576. We, therefore, think the court erred in refusing to give the charge asked.
*804 In relation to the second part of the charge, we entertain no doubt, that an account stated is as effectually within the operation of the statute of limitations as a promissory note; and upon this point, all the authorities, both English and American, agree. An account stated is defined by Lord Mansfield, in the case of Trueman v. Hurst, 1 Term Rep. 40, to be an agreement between both parties, that all the articles are true; and this we deem to be a correct definition. Whether an account presented in evidence, be an account stated or not, is the province of the jury to determine from the facts. From our views of the law in connection with the evidence in this case, we consider the charge requested entirely pertinent, and that it should have been given.
It is contended by the counsel for the appellee, that under the ieáue in this case, no evidence could have been permitted to establish an account stated, and therefore, the charge required was irrelevant. The plea interposed the statute of limitations. The plaintiff avoids the statute by replying the exception. The defendant traverses the averments of the replication. The question upon this issue is, whether the plaintiff’s claim is protected from the operation of the statute by the exception. The defendant surely may show any fact which controverts the plaintiff’s replication; and to show that his claim is an account stated, is to show that it is not an account between merchant and merchant, in the sense of tire exception. We are satisfied that the rejoinder 'was proper, and that evidence of an account stated was proper under it. 8 Pick. 187.
The second errqr assigned is, that the court erred in charging the jury, “ that if they believed the account sued on was originally just, and had not been paid, that they must find for the plaintiff,” such charge being in violation of law, and uncalled for, by either plaintiff or defendant.
From the view we have taken of the laws, as applicable to this case, the charge is wholly erroneous as instructions to the jury, had it even been called for. The judge evidently takes upon himself to decide the only point at issue, which is, whether the statute of limitations is a bar to the plaintiff’s action; but as the *805 charge was uncalled for, it is not only erroneous as to the law of the case, hut a perfect violation of the statute.
The third error assigned is, that the cpurt erred in charging the jury, “ that the facts proved did not constitute the account sued on an account stated,” such charge being contrary to law and in violation of the rights of the jury, whose province it is to, decide upon the weight of evidence and to determine what facts it proves.
It was unquestionably the province of the jury to determine from the evidence whether the account sued on was an account stated or not. It was purely a question of fact, and, therefore, not within the legitimate powers of the court to decide.
The fourth error assigned is: “ That the court erred in rendering final judgment against the defendant, Joseph E. Davis, without a disposition of the suit, by discontinuance or otherwise, as to the defendant Patrick Tiernan.
This also is error. Before the plaintiff can proceed against Davis, 'he must pursue his process against Tiernan, who was not found upon the first, until he is taken, or the cause as to him discontinued.
The judgment of the court below must be reversed, and the cause remanded for further proceedings. ■