## WILLIAMS v. CASPARIS BROS.

No. 14356—Opinion Filed June 23, 1925.

Rehearing Denied July 14, 1925.

(Syllabus.)

1. **Account Stated—Definition—Effect.**

An account stated is an agreement, expressed or implied, between parties who have had previous transactions with each other, fixing and determining the amount due from one to the other on account, and when such agreement is made, such "account stated" becomes a new obligation, and takes the place of the one upon the prior account.

2. **Same—Effect of Settlement and Payment.**

When the relation between the parties had its origin in, and their relation in all respects is governed by, one contract and all transactions between the parties contemplated by the contract were at an end except a settlement, the giving and receiving of evidence of indebtedness in full

settlement, by and between the parties, settles all obligations arising out of the contractual relation and is conclusive between the parties until impeached for fraud, mistake, the omission of something, accident, or undue advantage taken.

### 3. Same—Question for Court Where Facts Undisputed.

Where the facts, tending to show the statement of account, are undisputed, the question as to whether the transaction amounts to an account stated is for the determination of the court.

Error from District Court, Osage County; Charles B. Wilson, Jr., Judge.

Action by Casparis Bros. a copartnership, against A. G. Williams. Judgment for plaintiffs, and defendant appeals. Affirmed.

Chas. G. Moore and Chas. L. Moore, for plaintiff in error.

Cress & Tebbe, for defendants in error.

RILEY, J. This action was commenced in the district court of Osage county by Casparis Brothers, a copartnership composed of J. L. Casparis and A. G. Casparis, as plaintiffs, against A. G. Williams, as defendant. For convenience the parties will hereinafter be mentioned as they appeared in the trial court. The action is one based upon a controversy arising out of a settlement of a contract for pasturage of cattle.

Plaintiffs alleged in their pleadings that they had entered into a contract with Williams whereby plaintiffs had agreed and did pasture of the Casparis ranch 500 head of cattle at the rate of $10 per head for the season of 1919; one-half of the consideration was paid in advance, as by the terms of a verbal contract, and the other half was to be paid before the cattle were removed from said pasture. In the latter part of 1919 the defendant, Williams, came to the ranch and regained possession of the cattle remaining upon the pasture by giving in payment to Casparis Brothers a check in the sum of $2 680, which was the agreed amount as to the balance due for pasturage. Thereafter the defendant, Williams, caused payment to be stopped upon the check.

The defendant, Williams, answered the petition of plaintiffs, and in addition to a general denial admitted a verbal contract, and pleaded, further, that plaintiffs agreed to furnish sufficient grass to fatten said cattle during the season of 1919, and, further, that it was part of the agreement that the plaintiffs, Casparis Brothers, were obligated to look after and properly attend the cattle while upon their lands. The answer

pleaded a breach of the said oral contract in that the plaintiffs, Casparis Brothers, had failed to provide common, ordinary care for the cattle; failure to furnish sufficient grass and a failure to keep the said pasture securely fenced, as a result of which the cattle became tick-infested and were damaged to the extent of approximately $40 per head; that defendant had been damaged on the 51 head shipped to Kansas City, $579.36; on 363 head, $12,269.40; and on the 51 head shipped to Oklahoma City, $1,525; and was damaged, by removal to Osage county, for expenses, $495, and for pasturage in Osage county, $726, or the total sum of $18,777.34.

On February 19, 1920, plaintiffs filed a reply, setting out that defendant knew all the facts contained in his answer and cross-petition prior to the giving of the check in payment of pasturage, and that defendant was, by said payment, estopped.

The issues being joined, the matter came on for trial on October 18, 1921, before the court and jury. After the defendant had rested, a demurrer to the testimony of the defendant was sustained and the court directed a verdict for the plaintiffs in the sum of $2,680. After motion for new trial was filed and overruled, the defendant, Williams, perfected his appeal.

The trial court, in sustaining the demurrer to the testimony of defendant, reviewed the evidence as introduced by Williams. The court pointed out that the evidence presented two versions of the original verbal contract between the parties to the action, the version of Williams being that Casparis was, by the terms of the contract, bound to furnish sufficient grass for the cattle and to properly attend the same; that Casparis failed to comply fully with the terms of the contract and that Williams knew he was damaged approximately in the sum of $40 per head and that Williams, at the time of giving the check of $2,680, was acting upon his knowledge in removing the cattle; that Williams discussed with both of the Casparis brothers the fact that his cattle were damaged; that Jake Casparis presented his claim under the contract of $10 per head for pasturage; that an allowance was made for some two head of cattle that died and a final balance of $2,680 was struck, and after inquiring as to whether a draft or cashier's check was desired Williams made out and delivered to Casparis his check in the sum stated; that Williams then knew all the facts which entered into every element of damage which he had or might have sustained, except, possibly, the cost of

shipping the cattle to the new pasture and the ultimate cost of the new pasture.

The evidence supports the findings made by the trial court, and we are of the opinion that the conduct of the parties, as recited, renders their transaction, as hereinbefore set out, an account stated.

"An account stated is an agreement express or implied, between parties who have had previous transactions with each other, fixing and determining the amount due in respect to such transactions, and, when made, such account stated becomes a new agreement, and takes the place of the obligations resting upon either party by reason of the prior account." Harrison v. Henderson (Kan.) 72 Pac. 878.

It appears here that the principal item of the account presented by plaintiffs, Casparis Brothers, to defendant, Williams, originated in the contract for the grazing of cattle at a rate of $10 per head. Williams made suggestions which amounted to counterclaims for damages growing out of t'e contract. The parties, in agreement, reduced the total amount claimed by an allowance for cattle which had died. Casparis Brothers had a right to possession of all the cattle on hand for the purpose of enforcing their agister's lien thereon. Williams secured possession by the giving of the check in payment, which was assent to the correctness of the account as reduced and agreed upon. The check, notwithstanding payment thereon was stopped, is evidence, over the signature of the debtor, of the indebtedness, and prima facie evidence of an account stated.

In the case of Davenport v. Wheeler, 7 Cow. (N. Y.) 231, the following statement is made:

"D. & B. owed W. & B. for goods, the price of which was not liquidated by the agreement of parties. The former paid part, and finally stated an account, and drew a check for the balance, and sent it by messenger to W. & B., one of whom objected, to the messenger, that the balance was too small; but received the check, and obtained the money. In an action by the vendors, brought several months afterwards, held that they were, by this transaction, concluded as to the amount of the goods; that it was equivalent to an insimul computassent; and that, therefore, the vendors could not recover." Taylor v. Thwing, 46 N. Y. Supp. 892; Schmoker v. Miller, 89 Kan. 594, 132 Pac. 158; Long Bell Lumber Co. v. Stump, 86 Fed. 574, 30 C. C. A. 260.

In the case of Charlotte Oil & Fertilizer Co. v. Hartog et al., 85 Fed. 150, 29 C. C. A. 56, 42 U. S. App. 716, the court, quoting from Story, Eq. Jur., par. 526, said:

"Between merchants at home, an account which has been presented, and no objection made thereto, after the lapse of several posts, is treated, under ordinary circumstances, as being, by acquiescence, a stated account."

It is also said:

"When the facts are clear, it is always a question of law whether a party is concluded by his admission implied from his silence, but he is not estopped from proving fraud, omission, or mistake." Toland v. Sprague, 12 Pet. 300; Wiggins v. Burkham, 10 Wall. 129; Oil Co. v. Van Etten, 107 U. S. 326. 1 Sup. Ct. 178.

Again it is said:

"The fact that there was a fractional balance left undrawn does not, under the circumstances, make any difference. This settlement is binding upon the parties as to all reciprocal demands then existing; certainly as to all known demands. What would be its effect as to claims not then discovered need not be considered, as none such appear: for the counterclaims have their origin in transactions anterior to the settlement, lay dormant in the mind of defendant for months subsequent thereto, and were only presented when a suit was brought upon a transaction distinct and separate from that out of which they grew. They do not fall within the category of fraud, mistake, or error, which the law allows to impeach a stated and settled account." Weed et al. v. Dyer et al., 53 Ark. 155, 13 S. W. 592; Bassick Gold Mine Co. v. Beardsley, 49 Colo. 275, 112 Pac. 770; Dolman et al. v. Kaw Const. Co., 103 Kan. 635, 176 Pac. 145; Martin v. Heinze, 31 Mont. 68, 77 Pac. 427.

In Bennett v. Potter, 180 Cal. 736, 183 Pac. 156, it is said:

"Originally an account stated could exist only when the accounts were mutual, or where there was more than a single item, but it has now become settled there can be an account stated where but a single item is included or referred to therein."

The defendant contends that unliquidated damages cannot form the basis of an account stated, and this is true in dealing with book accounts. It is generally held that a settlement based upon debits and credits, evidenced by book accounts, will not include unliquidated claims not mentioned and arising outside of the business transactions settled. But where the relation between the parties has its origin in, and their relation in all respects is governed by, one contract and all transactions between the parties contemplated by the contract are at an end except to accomplish a settlement, and full settlement is made, then we think that all obligations arising out of the contractual relations are settled by giving and receiving of the written evidence of indebtedness, such

as the check in this case, notwithstanding that thereafter payment is stopped on the check. Lull & Skinner Co. v. Kemmerer Vehicle Co. et al., 136 Iowa, 554, 114 N. W. 22.

Defendant complains of the directed verdict and contends that the court invaded the province of the jury in deciding that the transactions, as heretofore disclosed, amounted to an account stated.

It is said in 1 C. J. 729:

"Questions of fact are generally to be determined by the jury. Where, however, the facts tending to show the statement of account are undisputed, the question as to whether the transaction amounts to an account stated is for the determination of the court." Toland v. Sprague (U. S.) 9 L. Ed. 1093; Davis v. Tierman, 3 Miss. 786; Powell v. Pac. R. Co., 65 Mo. 658; Burger v. Burger, 34 Mo. App. 153; Lockwood v. Thorne, 11 N. Y. 170, 62 Am. Dec. 81.

And in the syllabus of Dobbs v. Campbell, 10 Kan. 185, 63 Pac. 289, it is said:

"A settlement of an account is conclusive between the parties until impeached for fraud, mistake, the omission of something, accident or undue advantage taken; and where such settlement is evidenced wholly by correspondence and there is no evidence to impeach it, its legal effect is a matter of law for the court, and it is error to submit the same to the jury."

The facts herein being undisputed, the question as to whether they constitute an account stated is a question of law for the court. Ault v. Page, 82 Okla. 168, 198 Pac. 991; Downing v. Murray, 113 Cal. 455, 45 Pac. 869; McKenzie v. Ray (Cal.) 143 Pac. 1018; Adam Roth Gro. Co. v. Hotel Monticello Co. (Mo.) 166 S. W. 1125.

Finding no error in the judgment of the lower court, the same is hereby affirmed.

NICHOLSON, C. J., and MASON, PHELPS, LESTER, and CLARK, JJ., concur.

Note.—See under (1) 1 C. J. p. 678, § 249; p. 706, § 331; p. 729, § 403; anno. 27 L. R. A. 811; 45 L. R. A. (N. S.) 535; 1 R. C. L. p. 207; 1 R. C. L. Supp. p. 65; 4 R. C. L. Supp. p. 12, 5 R. C. L. Supp. p. 8. (2) 30 Cyc. p. 1220.