## BRANUM v. BURNS et al.

No. 16046—Opinion Filed May 4, 1926.

Rehearing Denied June 8, 1926.

(Syllabus.)

**1. Appeal and Error—Amendments Regarded as Made—Limitations to Rule.**

The rule that plaintiff's petition will be considered on appeal as amended to conform to the facts proven without objection by the defendant, is not applicable where such amendment would change the nature of the cause of action or where such amendment would not be in furtherance of justice.

**2. Account, Action On—Waiver of Account Stated.**

Where an action is brought and defended as upon the original account, the account stated is waived, even if it had been theretofore agreed upon.

**3. Same—Erroneous Instruction Outside of Issues.**

The giving of an instruction, in an action brought and defended as upon an open account, which presents for the first time the

issue of an account stated, is without the issues; it deprives the defendant of an opportunity to defend against such substituted cause of action, and the giving of the same constitutes reversible error.

Error from District Court, Garvin County; A. C. Barrett, Judge.

Action by A. P. Burns and Howard Burns against Mattie W. Branum. Judgment for plaintiffs, and defendant appeals. Reversed.

A. F. Pyeatt, for plaintiff in error.

Bowling & Farmer, for defendants in error.

MASON, J. The plaintiff in error was defendant and the defendants in error were plaintiffs in the lower court, and for convenience they will be referred to herein as they there appeared.

The plaintiffs commenced this action to recover a balance alleged to be due upon an open account which was itemized and attached to their petition and which showed certain payments by the defendant, leaving a balance due of $718.92.

The defendant alleged that the goods furnished and the services rendered were not for an agreed price; that plaintiffs were entitled only to a reasonable price; that the charges made were excessive; that interest charges therein were excessive; that when the various items were reduced to reasonable amounts and the excessive interest charges were deducted, the plaintiffs had been paid in full.

Upon the trial of the case, counsel for plaintiffs in his opening statement of the issues to the jury stated that the plaintiffs were suing upon an open account. It also appears that, after all the evidence had been introduced by both parties upon the theory of a suit upon an open account, and after the court had prepared its instructions upon that theory, the plaintiffs requested a special instruction upon the theory that the plaintiffs were suing upon an account stated, which instruction was given over the objection of the defendant. The jury returned a verdict in favor of the plaintiffs, upon which the court rendered judgment, and the defendant has perfected her appeal to this court.

Plaintiff in error insists that the trial court committed error in giving said requested instruction, for the reason that it was not within the issues in the case. The defendants in error urge that such instruction was proper, for the reason that they

introduced certain evidence, without objection on the part of the defendant, to the effect that statements of said account had been given the defendant from time to time during the two years that the account had been running, and that she had never made any objection thereto; it being their contention that this evidence was sufficient to constitute an account stated and that, inasmuch as said evidence was introduced without objection, this court should consider the petition as having been amended so as to state a cause of action on an account stated.

Our rules of pleading and the opinions of this court have been very liberal in authorizing amendments of pleadings in the trial court and on appeal in considering plaintiff's petition as amended so as to conform to facts proven by the plaintiff without objection on the part of the defendant. American National Insurance Co. v. Rardin, 74 Okla. 146, 177 Pac. 601; Gearhardt v. Moulder, 85 Okla. 200, 205 Pac. 141.

Defendant's objection to said evidence, however, in the case at bar, would have availed her nothing, as such evidence was admissible under the original issues for the purpose of showing a demand for payment. The mere fact that this evidence would also tend to establish an action on an account stated would not justify us in considering the petition amended so as to constitute such an action, especially in view of the fact that no motion was filed in the trial court to make such an amendment, and in view of the fact that the defendant had no opportunity to defend against the same. To consider such an amendment as having been made, would not only deprive the defendant of the right to defend against it, but would strike down her evidence which tended to constitute a defense against the original action on the open account.

Amendments are authorized only where they do not change the nature of the cause of action or defense and where they are in furtherance of justice.

An account stated presupposes an absolute acknowledgment or admission of a certain sum due, or an adjustment of account between the parties, the striking of a balance and an assent, express or implied, to the correctness of the balance. 1 Ruling Case Law, 211.

It is in the nature of a new promise and is a new cause of action. Holmes v. D'-Camp, 1 Johns (N. Y.) 36; McKinster v. Hitchcock (Neb.) 26 N. W. 705.

In Wilson v. Waldron, 40 Pac. 740, the Supreme Court of Washington announced the rule as follows:

"To recover on an account as one stated, plaintiff must declare on it as such, and, having merely alleged an indebtedness on an account for merchandise sold and delivered, he cannot on the trial, without an amendment, substitute a cause of action founded on an account stated, and thereby exclude evidence to disprove the sale and delivery."

See, also, Machine Co. v. Wilson (Minn.) 40 N. W. 571.

The Supreme Court of Kansas, in Harrison v. Henderson, 72 Pac. 878, held:

"Where action is brought and defended as upon the original account, 'the account stated' is waived, even if it had been theretofore agreed upon."

The issue, presented by the pleadings in the instant case and as stated to the jury by the attorney for the plaintiffs and by the court in its instructions, was not upon the question of an account stated, but upon the reasonableness and correctness of the account. So, if there had been an account stated, by reason of delivering said statements of the account to the plaintiff, the same was abandoned and disregarded by both parties upon the trial in the lower court.

In Oklahoma Hay & Grain Co. v. T. D. Randall, 66 Okla. 277, 168 Pac. 1012, this court announced the following rule:

"To recover on an account stated, plaintiff must declare upon an account stated, and if he proceeds upon the original cause of action, the rules of evidence governing an action upon an account stated will not apply."

From the foregoing, we are of the opinion that the record herein does not justify us in considering the plaintiffs' petition to be amended so as to state a cause of action on an account stated, and no request for such amendment having been made in the trial court, the giving of the instruction complained of constitutes reversible error.

The judgment of the trial court is reversed, with instructions to grant a new trial and to proceed in accordance with the views herein expressed.

BRANSON, V. C. J., and HARRISON, LESTER, HUNT, and RILEY, JJ., concur.

Note.—See under (1) 4 C. J. p. 750 § 2683. (2) 1 C. J. p. 709 § 334. (3) 1 C. J. p. 668 § 207.