## MISSOURI PAC. R. CO. v. FLEAK, Adm'r.

No. 16758—Opinion Filed June 1, 1926.

Rehearing Denied April 19, 1927.

### 1. Appeal and Error—Sufficiency of Evidence—Conclusiveness of Verdict.

Where there is competent evidence reasonably tending to support the findings of the jury, the same will not be disturbed upon appeal.

### 2. Same—Review—Harmless Error.

If, after an examination of the entire record, this court is unable to say that the error complained of has probably resulted in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right, the judgment must be affirmed.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Muskogee County; Enloe V. Vernor, Judge.

Thos. B. Pryor and W. L. Curtis, for plaintiff in error.

Linebaugh, Pinson & Fite, for defendant in error.

Opinion by JONES, C. This appeal involves the validity of a judgment rendered in the district court of Muskogee county in favor of the defendant in error, Grace Fleak, administratrix of the estate of Earl Fleak, deceased, and against the plaintiff in error, Missouri Pacific Railroad Company, for the sum of $3,000. The plaintiff alleges in her petition that the said Earl Fleak, deceased, while driving a truck across defendant's tracks on the right of way in the town of Braggs, and while crossing the main line or track, the truck being so driven by the said Earl Fleak, deceased, was struck by an engine of said company, operated by the agents and servants, on its main line or track, and that the collision was caused by the negligence and carelessness of the agents and servants of said defendant company, causing serious and fatal injury to the said Earl Fleak, deceased, from which he then and there died. Plaintiff further alleges that said engine was being operated at a high and dangerous rate of speed, that the engineer failed to blow the whistle or ring the bell, and that defendant railway company negligently failed to keep a lookout for persons passing over said highway and street, and negligently failed to maintain a watchman at said crossing for the protection of the traveling public, and that the defendant company carelessly and negligently caused and permitted long strings of cars to stand upon its tracks adjacent to and parallel to the track upon which said engine was being operated, and had negligently permitted crossties to be piled up adjacent to said track, thereby obstructing the view and preventing persons when approaching the track from being able to see engine and trains approaching.

The defendant filed its answer, and generally denied all of the allegations in plaintiff's petition, and pleaded contributory negligence on the part of the deceased, to which plaintiff filed her reply in the nature of a general denial. Upon the issues thus joined the cause was submitted to the court and jury, and a verdict returned by the jury in favor of the plaintiff for the sum of $3,000, motion for a new trial was duly filed and overruled, and judgment rendered by the court in accord with the verdict of the jury.

Appellant prosecutes this appeal and sets forth various assignments of error, but only urges in its brief the insufficiency of the evidence to establish primary negligence on the part of the defendant, and the refusal of the court to give certain instructions, and the error of the court in giving certain instructions.

From an examination of the record, it is disclosed that the evidence is conflicting as to the rate of speed being maintained by the engine at the time of the accident, varying from 15 to 45 miles per hour. There is also a direct conflict of the evidence as to whether or not the whistle was blown or the bell rung, and there is a conflict as to the number and location of cars adjacent to and near the track on which the engine was being operated, and upon which the injury occurred. These, however, are all questions of fact for the determination of the jury, and under the well established rule in this jurisdiction, where there is evidence reasonably tending to support the verdict of a jury and the judgment of the court based thereon, same will not be disturbed by this court on appeal, and this rule disposes of appellant's contention as to the sufficiency of the evidence, as we find that there is ample evidence to sustain the judgment in this particular.

The question of whether or not proper

signals are given, the necessity of maintaining a watchman, and the rate of speed, and whether or not the rate maintained constitutes negligence, are all questions for the jury. See St. L.-S. F. Ry. Co. v. Robinson, 99 Okla. 2, 225 Pac. 986; C., R. I. & P. Ry. Co. v. Barton, 59 Okla. 109, 159 Pac. 250; Grand Trunk Ry. Co. v. Ives, 144 U. S. 408, 12 Sup. Ct. 679, 36 L. Ed. 485.

Appellant next contends that the court committed error in refusing to give certain requested instructions. The first requested instruction called to our attention is to the effect that the allegations of plaintiff's petition, and the proof establishing the fact of the collision and injury, do not relieve the plaintiff of the burden of proof to establish by a preponderance of the evidence the material allegations of her petition. We think the instructions given substantially cover the principles set forth in the requested instruction. The next requested instruction called to our attention requested the court to instruct the jury concerning the testimony of certain witnesses for the plaintiff, who testified that they did not hear the whistle sounded or the bell rung on the engine as it approached the crossing, and requested that the jury be directed or instructed that this character of evidence is what is known or termed in law as "negative statements," and that same should not be considered as establishing or tending to establish that the whistle was not blown or that the bell was not rung. This would be an instruction on the weight of the evidence, which is clearly against the well established rule in this jurisdiction.

The next requested instruction was to the effect that the law does not require defendant to maintain a flagman at the crossing where the accident occurred, and that the jury should not consider the failure of the defendant to do so in its deliberation. We do not regard this as a correct instruction or application of the law. It is true that railway companies are not required by law to maintain a flagman at all crossings, but whether or not failure to maintain a flagman at a certain crossing, under all of the facts, circumstances, and conditions surrounding that particular crossing, was negligence is a question of fact for the determination of the jury. Conditions might arise at any crossing, such as to require the services of a flagman, and this question was properly submitted to the jury, and in view of the testimony which discloses that this crossing was on one of the principal thoroughfares leading into and through the town of Braggs, and that it was a much used street or highway, and that there were more or less cars permitted to stand nearly all the time on the tracks adjacent to the main line parelleling same, and at or near this crossing ties were piled about, we think the court was justified in submitting the matter to the jury under proper instructions.

Appellant especially complains of instruction No. 16 given by the court as follows:

"You are further instructed that if you believe from a preponderance of the evidence that the engine in question here was not running on regular time, or schedule time of any train, but was a special, the same degree of caution would not be expected on the part of plaintiff's intestate as if it were a regular train and running on usual time."

This instruction, standing alone, might be misleading and bad, but we think not when taken in connection with paragraph 2 of the court's instructions, wherein the court instructed the jury that—

"* * * If the train was a special one, it was more incumbent upon them to slacken their speed and sound the whistle and ring the bell than if it was running on regular time. But, on the other hand, the party crossing the railroad tracks should proceed with more caution and circumspection than if the crossing were in the open country, and not venture upon the track without ascertaining that no train was approaching, or at least, without using the means that common prudence would dictate to ascertain such fact."

We think it is a correct rule of law that the fact of whether the train is a special, or one running on a regular schedule, may have some slight bearing on the degree of care required of one approaching a railway crossing, where it is shown that the party injured is familiar with the schedule of trains of the railway company at the place where the injury occurred. If one in approaching a railway crossing has knowledge which would cause him to expect a train to be passing at that particular time, regardless of what that knowledge may be based upon, whether a schedule or signal, or any other fact that may call his attention to the probability that a train may be approaching, it necessarily requires him to exercise a greater degree of care than under circumstances when there is no fact existing within the mind of the party approaching the track to cause him to expect or believe that a train is likely to approach at that particular time, and we do not regard the error complained of, considering the instructions requested and the instructions given, as being sufficient to justify a reversal of this case, as we find ample evidence to sustain the allegations of negligence, or at least sufficient to sus-

tain the verdict of the jury in its general findings of negligence on the part of the defendant railway company, as alleged in plaintiff's petition, and we find no evidence sufficient to sustain the defendant's plea of contributory negligence. The party riding with the decedent upon the truck at the time of the collision testified that the decedent slowed the speed of the truck down and looked and listened before attempting to cross the railway track.

In the case of Oklahoma City Land & Development Co. v. Adams Engineering & Blue Printing Co., 51 Okla. 763, 155 Pac. 496, this court held,

"If, after an examination of the entire record, this court is unable to say that the error complained of has probably resulted in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right, the judgment must be affirmed."

Following this rule, we think the judgment in this case should be and the same is hereby affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 853 §2834; 2 R. C. L. p. 194; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79. (2) 4 C. J. p. 908 §2878; p. 1130 §3122; anno. L. R. A. 1918B, 388; 2 R. C. L. p. 233; 1 R. C. L. Supp. p. 464.