## LOVE COUNTY NATIONAL BANK v. STRAUGHN.

No. 22042.    March 6, 1934.

C. C. Wilkins, for plaintiff in error.

J. W. Dixon, for defendant in error.

ANDREWS, J. This is an appeal by the plaintiff in an action in the county court of Love county, Okla., from a judgment of that court in favor of the defendant therein.

The action was on a promissory note of which the plaintiff claimed to be the owner in due course for value before maturity. The defense was that there was misrepresentation in the inducement to the execution thereof, and that the plaintiff was not an innocent purchaser for value.

A careful examination of the record in this case discloses nothing to support the judgment of the trial court.

The record shows that the defendant purchased a bond which was in writing; that he gave the note sued on in this case in payment of the first installment due thereon, and that the plaintiff purchased that note for value before maturity without knowledge or notice of any infirmity therein. There was no competent evidence to the contrary.

In view of the fact that the cause must be tried again, we call the attention of the trial court to the fact that section 9456, O. S. 1931, provides:

"The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter, which preceded or accompanied the execution of the instrument"

—that a person signing an instrument is presumed to know its contents; that one in possession of his faculties and able to read and having an opportunity to read a contract which he signs, if he neglects and fails to do so, cannot escape its legal liability on the ground that at the time, false representations were made to the effect that the writing contained the verbal understanding of the parties (J. B. Colt Co. v. Thompson, 114 Okla. 61, 242 P. 1030; Johnson v. Harris, 166 Okla. 23, 25 P. [2d] 1072); that a contract in writing supersedes all oral negotiations or stipulations prior thereto, in the absence of accident, fraud, or mistake of fact in

esse contractus, and that any representation made prior to or contemporaneous with the execution of a written contract is inadmissible to contradict, change, or add to the terms plainly incorporated into and made a part of the written contract. Cromwell v. Lewis, 98 Okla. 53, 223 P. 671. No fraud, accident, or mistake of facts in esse contractus was alleged or proved.

The record shows nothing to warrant the trial court finding that the written contract executed by the defendant, to wit, the bond, could be contradicted by parol testimony.

The judgment of the trial court is reversed and the cause is remanded, with directions to grant the plaintiff a new trial.

RILEY, C. J., CULLISON, V. C. J., and OSBORN and BUSBY, JJ., concur.