## OWENS v. COHLMAN.

No. 27309. March 15, 1938.

Carter Smith, for plaintiff in error.

Tom Durham, for defendant in error.

CORN, J. This is an appeal by the plaintiff in error from a judgment rendered against him in the common pleas court of Tulsa county in an action brought against him upon a note. For convenience we shall refer to the parties as they appeared in the trial court.

The plaintiff, Cohlman, was injured while employed at an oil well which was being drilled for the defendant in Texas. The insurance carrier settled for the injury, but the defendant persuaded the plaintiff to bring an action to recover further for his injuries. This the plaintiff did and received some $3,700 damages for his injuries.

During the time the plaintiff was unable to work, the defendant continued to pay him his monthly wages, less the compensation allowed by the Texas Industrial Accident Board. These salary payments, which were carried on the defendant's books as wages and charged back against the drilling contractor's interest, totaled $1,297, of which it appeared $260 had been repaid. The defendant's claim was that these payments were advances made to aid the plaintiff.

The evidence showed that on February 5, 1935, the defendant received from the plaintiff the sum of $3,328.35, for which he executed his note to the plaintiff. In the petition the plaintiff set up that $1,928.35 had been paid upon the note, and asked judgment for the remaining $1,400.

It was the defendant's contention that the note was merely a substitute for a contract disclosing that the plaintiff had deposited this sum with the defendant for investment purposes, and in his answer the defendant attempted to set off the sum of $1,037, claimed to have been advanced to the plaintiff as a loan, tendering $378.84, saying this amount was all that was due the plaintiff.

The trial court found that the defendant had come into possession of $3,328.35 belonging to the plaintiff; that the $1,037 the defendant claimed to have been advanced were voluntary payments; that the plaintiff had made no agreement to repay this; and as a conclusion of law found the plaintiff entitled to judgment as prayed for, with $150 allowed as attorney's fees. Motion for new trial was overruled, and the defendant appeals to this court on the ground that these payments were not voluntary, but that the law will imply a contract in such instances and sustain an action for the recovery of this money. even though there was no expressed contract.

Seven assignments of error are set forth in the appeal brief, all of which are directed toward alleged error of the trial court in refusing to hold that there was an implied promise to pay the amount the defendant contended was merely advanced to the plaintiff for convenience. The argument presented was generally directed toward showing that a promise to repay should be implied.

The first thing to be noted is that the defendant's answer did not set up that the payments in question had been made under any of these named conditions. The testimony at the trial shows that they were voluntary payments. The salary checks were included in the regular pay roll. The amount of the pay roll was then charged against the driller's contract. Moreover, at the trial the defendant's own witness testified that these so-called advances were not charged to the plaintiff on the defendant's books and in fact did not appear on any books. Nor was there any evidence that the plaintiff had anything to do with getting the defendant to pay this money. Rather, from the testimony at the trial, it is gathered that the defendant, for reasons of his own, went out of his way to accommodate the plaintiff without one word ever being said about repayment.

The next phase of the case to be considered is whether a voluntary payment can be recovered back, in the absence of fraud, mistake, or duress and when there is full knowledge of the facts.

The general rule with reference to voluntary payments is found in 48 C. J. 734, sec. 280, where it is said:

"A. Voluntary Payments—Recoverability In General. Except where otherwise provided by statute it is a well-settled general rule that a person cannot, either by way of set-off or counterclaim, or by direct action, recover back money which he has voluntarily paid with a full knowledge of all the facts, and without any fraud, duress, or extortion, although no obligation to make such payment existed. In accordance with the general rule, if a person voluntarily pays what the law will not compel him to pay, but which in equity and good conscience he ought to pay, he cannot recover it back, although the parties differ as to its application. * * *"

There is an unlimited number of cases from our court and from other jurisdictions all holding that where money is voluntarily paid over to a party, the payment not being made as a result of fraud, mistake, or duress, such payment cannot be recovered back or set off as against another claim. The principle cases from this court holding to this effect are American Surety Co. v. Steen, 86 Okla. 252, 208 P. 212, and Hadley v. Farmer's Nat. Bank of Oklahoma City, 125 Okla. 250, 257 P. 1101.

An exhaustive discussion on this subject is found in Scott v. Ford (Ore.) 78 P. 742, 68 L. R. A. 469. A part of the reasoning is expressed as follows, in holding that such voluntary payment cannot be recovered back, quoting Brisbane v. Dacres, 5 Taunt. 144:

"He who receives it has a right to consider it as his without dispute. He spends

it in confidence that it is his; and it would be most mischievous and unjust if he who has acquiesced in the right by such voluntary payment should be at liberty, at any time within the statute of limitations, to rip up the matter, and recover back the money. He who received it is not in the same condition. He has spent it in the confidence it was his, and perhaps has no means of repayment."

The next proposition to be considered is whether the execution of this note by the defendant, no fraud, mistake, or error being shown, constituted an account stated, so that the defendant would not be entitled to impeach the same by proof of the prior payments the defendant claimed to have made.

The evidence showed that from February 2, 1932, to February 5, 1932, the defendant made withdrawals from the plaintiff's account for the exact amount of the note which he executed and delivered February 5, 1932. It is important to notice at this point that the defendant executed the note for this amount without attempting to assert any claim for the $1,037 he claimed to have advanced to the plaintiff during the two years prior to execution of the note. It is indeed a peculiar circumstance that the defendant should execute his note for this amount and pay interest thereon if he had a just claim against the plaintiff which he could have at that time asserted.

All the transaction contemplated by the parties was at an end and settlement was made when Owens gave his note, the written evidence of his indebtedness, except that it remained for the defendant to discharge his promise in writing to pay. In Williams v. Casparis Brothers, 113 Okla. 51, 238 P. 438, it is stated, in the first paragraph of the syllabus:

"An account stated is an agreement, expressed or implied, between parties who have had previous transactions with each other, fixing and determining the amount due from one to the other on account, and when such agreement is made, such 'account stated' becomes a new obligation, and takes the place of the one upon the prior account."

Under this holding there can be no grounds for saying that the note in question was not an account stated.

Having determined this to be an account stated, expressing within itself the entire arrangement between the parties, in the absence of allegations of fraud or mistake, nothing tending to change the meaning of the terms incorporated therein can be admitted. Romans v. Shannon, 80 Okla. 199, 195 P. 298; Vaughn v. Smith, 80 Okla. 244, 195 P. 754; Love County National Bank v. Straughn, 167 Okla. 446, 30 P.2d 461.

The court found that the payments in question were voluntary payments, and that the money in question came into defendant's hands as a result of litigation in the plaintiff's behalf prior to execution of the note, the basis of the judgment in this case. The record shows nothing to warrant the trial court in finding that the note executed by the defendant should be controverted by parol testimony. Badgett v. Oklahoma Life Ins. Co., 176 Okla. 86, 54 P.2d 1059.

Judgment of the trial court affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, PHELPS, GIBSON, HURST, and DAVISON, JJ., concur. RILEY, J., absent.