## WILSON v. HOLMES.

No. 28014.   May 31, 1939.

O. S. Huser and J. R. Huggins for plaintiff in error.

Anglin & Stevenson, for defendant in error.

GIBSON, J.  The plaintiff below appeals from a judgment of the district court of Hughes county rendered on a verdict for defendant in an action to recover damages for conversion of certain cattle and a truck. The parties will be referred to in the order of their appearance at the trial.

The defense was conducted on the theory that defendant purchased the property from plaintiff's husband, who was in possession thereof as owner, or as agent of plaintiff or as a partner of the plaintiff in the business of buying and selling livestock.

Plaintiff says the court erred in refusing her requested instructions numbered 1 and 2.

Had these instructions been given, they in effect would have directed a verdict for plaintiff. These requests were founded upon the theory that the plaintiff by her own testimony had established her ownership of the property and that her ownership remained undisputed, and that the defendant had wrongfully taken the property and converted it to his own use.

These instructions failed to consider the question of the relationship of principal and agent between plaintiff and her husband, J. E. Wilson. There was ample circumstantial evidence from which the

jury could reasonably infer authority in Wilson to sell the property. The requested instructions were therefore properly refused.

But plaintiff asserts that, since defendant purchased the chattels from Wilson relying solely upon Wilson's asserted ownership, and without knowledge of the alleged agency, he cannot now justify his act or establish his title by proving the agency. It is true that the defendant did not rely upon an agency relationship between the plaintiff and her husband, Wilson, but if such agency actually existed, the defendant is privileged to prove the same and thus establish his title to the property in question. Plaintiff's position in this respect may be sustained only to a limited degree. In the circumstances no question of estoppel with relation to the agency may now confront her, but an agent may, without disclosing the fact of his agency, make a valid contract in his own name for the sale of personal property. Hawkins v. Windhorst (Kan.) 123 P. 761; see, also, 2 C. J. 875, sec. 557.

Plaintiff objects to certain of the court's instructions on the ground that the question of agency was therein submitted to the jury notwithstanding the failure of the evidence to raise the issue.

The question of agency was properly raised, and there was ample evidence to sustain its existence, as aforesaid.

Objection is made to the testimony of certain witnesses concerning the agency. Plaintiff says the court erred in receiving this evidence of the agency relationship for the reason that defendant did not rely on an agency when he dealt with Wilson.

For the reasons already stated, the ground of the objection was insufficient.

Error is charged to a certain given instruction which in effect would allow the jury to find for defendant if under the evidence they were of the opinion that the plaintiff and her husband, Wilson, were joint owners of the property at the time of the transaction in question.

Plaintiff asserts that the instruction is clearly reversible error for the reason that neither a joint tenant nor a tenant in common may sell the entire interest in the common property without authority of his cotenant, and no implied authority exists in such case. 7 R. C. L. 879; Howard v. Manning, 79 Okla. 165, 192 P. 358.

Viewing this instruction alone, without consideration of the entire record, the objection would seem well taken. Ordinarily, it might with considerable merit be urged that the jury was misled by the instruction, and may have based their verdict entirely thereon. But, after due consideration of the entire record, we are unable to say that the apparent misdirection of the jury has resulted in a miscarriage of justice or has violated some constitutional or statutory right of the plaintiff. Section 3206, O. S. 1931, 22 Okla. Stat. Ann. sec. 1068 In Missouri Pac. R. Co. v. Fleak, 124 Okla. 213, 258 P. 260, under direction of that statute, we held as follows:

"If, after an examination of the entire record, this court is unable to say that the error complained of has probably resulted in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right, the judgment must be affirmed."

This same rule applies to an erroneous instruction. Unless it is shown that some substantial right of the appellant has been violated, the verdict will not be set aside on account of misdirection of the jury. Stekoll v. Abraham, 90 Okla. 218, 217 P. 410.

In the instruction the trial court has spoken of joint ownership of personal property between the husband and wife, and has told the jury that if such ownership existed the husband had power to sell and the purchaser would get a good title to the property. The court could have had but one character of common ownership in mind when the instruction was given, and that was the ownership of partners or joint adventurers. These questions were in the case and had been urged as a defense. The evidence, even the testimony of the plaintiff, pointed plainly to the joint operations of the plaintiff and her husband in the buying and selling of this kind of property. In each instance where there was written evidence of title to the property in any one it was in Wilson. Plaintiff says her money paid for the chattels, but under the circumstances this made them none the less partners or joint adventurers.

In view of the activities of the plaintiff and her husband, the jury could not have been in doubt as to the meaning of the instruction, and the character of common or joint ownership the court referred to. If they actually based their verdict upon said instruction, no injustice resulted, for a partner may bind his copartners in any transaction within the scope of the partnership business (Watkins v. Huff, 101

Okla. 5, 222 P. 693); and so may a joint adventurer. Dobbins v. Texas Co, 136 Okla. 40, 275 P. 643. The transaction is not shown to be without the scope of the business.

From an inspection of the entire record it appears that no miscarriage of justice has resulted from the verdict and judgment.

The judgment is therefore affirmed.

BAYLESS, C. J., WELCH, V. C. J., and DAVISON and DANNER, JJ., concur.