MOYER v. CLOSS.

*97 P. 2d 901.*

No. 28419.  Sept. 19, 1939.

Rehearing Denied Jan. 16, 1940.

L. B. Yates and L. A. Pelley, for plaintiff in error.

Keaton, Wells & Johnston and Robinson & Oden, for defendant in error.

GIBSON, J. This is an action on an account stated.

Defendant below denied the account, charging fraud in the procurement of his signature thereto, and alleged that the same neither constituted an account stated nor was intended as such by the parties.

The burden of proof was placed on defendant, and he appeals from an adverse judgment rendered on the sustaining of demurrer to his evidence.

Defendant says the court erred in holding the instrument sued upon to be an account stated.

The instrument in question appears upon its face to be an account stated, and the court was probably correct in holding the same sufficient to establish a prima facie case against defendant. Ordinarily it could be impeached only for fraud, mistake, omission, accident, or undue advantage taken. Williams v. Casparis Bros., 113 Okla. 51, 238 P. 438. The account as stated was signed by defendant and acknowledged by him to be a correct accounting of the money he owed plaintiff. But he alleges that his signature thereto was obtained by false representations; that the instrument was not presented to him as a stated account, but for a wholly different purpose.

The account as signed by defendant was based upon a previous contract under which the parties had embarked upon a certain business venture. In support of his allegations defendant produced evidence showing that at the time he signed the statement as aforesaid the business relationship still existed; that there remained certain reciprocal obligations on the part of both parties yet unperformed; that he had not received all the benefits or consideration for the debts he had acknowledged in the statement. The evidence further shows that the defendant owned one-third interest in an estate in Oklahoma which was in process of settlement in probate court, and that the plaintiff was aware thereof. It appears that the plaintiff told defendant he was going to Oklahoma on other business and that if the latter would sign the statement he would contact the parties interested in the estate and attempt to use the statement as a means of obtaining an immediate division of the estate in behalf of the defendant or to secure for him an advance of money on his share therein. It is further shown that the plaintiff, instead of going to Oklahoma as promised, immediately informed defendant that he was through with the whole business enterprise. It further appears that the plaintiff had placed himself in such a position that he no longer was able to deliver certain personal property to defendant which constituted the consideration for some of the items of debt contained in the signed statement.

The foregoing circumstances constituted evidence of fraud sufficient to warrant the submission of the cause to the jury. The trial court erred in sustaining the demurrer.

Defendant's obligations to plaintiff arose under the original contract. An accounting thereunder would ordinarily contemplate the settlement of all reciprocal demands of the parties. The stated account in such case takes the place of the former contract under which the parties operated and becomes a new obligation. Williams v. Casparis Bros., supra. Though an account may become stated without including the counter-demands of the party to be charged (1 C. J. 683, sec. 260; Harrison v. Birrell [Ore.] 115 P. 141), the omission of such demands constitutes competent evidence to support an allegation that the statement was signed for some purpose other than to acknowledge the same as a

stated account. If either party did not understand the statement as a final adjustment of their respective demands then under consideration, the statement is not a stated account. The general rule is stated in 1 C. J. 683, as follows:

"To constitute an account stated each party must understand the transaction as a final adjustment of the respective demands between them taken into consideration in the accounting. Hence the binding force of an account stated will not be given to the mere furnishing of an account or other transaction which was not with a view to asserting a claim, establishing a balance due, or finally adjusting the matters of account between the parties."

To procure such an acknowledgment for some purpose other than as stated account and later attempt to take advantage of the same as a stated account would constitute fraud. Here the evidence shows that the statement was to be used for the purpose of hastening the settlement of a decedent's estate or to procure an advancement of money therefrom; it was to be used as evidence that an heir was in immediate need of funds to carry on his business enterprise.

Under the general rule, actions on account stated are triable to the jury (1 C. J. 729, § 403). They are actions for the recovery of money, and where the evidence is conflicting must be submitted to the jury in this state. Section 350, O. S. 1931, 12 Okla. St. Ann. § 556.

Defendant has filed his cross-petition asserting certain damages arising out of the alleged fraudulent acts of the plaintiff and seeks recovery only in event plaintiff be awarded judgment. The trial court dismissed the cross-petition, holding that recovery thereunder could be had only in a separate suit. This was error. The cross-petition states a cause of action in that it charges the plaintiff with having wrongfully disposed of certain stock certificates that he had contracted to deliver to defendant and for which the defendant was charged certain sums in the alleged account stated, and, further, that the plaintiff had disposed of the assets of the business in which the parties were jointly interested and out of which the alleged account stated grew and had retained all the consideration therefor to his own use.

Defendant's evidence supports the foregoing allegations. He attempts to set up a counterclaim only on condition that plaintiff succeed in establishing the instrument sued upon as an account stated. He does not attempt to open and surcharge or falsify an account stated, except upon condition; he simply says there was no such account, but if there actually was, then the same should be opened and surcharged with the credits alleged in his cross-petition. Defendant does not admit that an account became stated. If the instrument in question be sustained as an account stated, then he is entitled to hearing on his cross-demand. Plaintiff cites no authority to the contrary. His only objection is that the evidence failed to establish the allegations of the cross-petition.

Defendant also seeks punitive damages for the alleged oppression, fraud, or malice practiced by plaintiff. But the plaintiff's action is one in assumpsit and his recovery depends entirely upon his ability to establish a contractual obligation against the defendant. The latter recognizes the action as such and asserts his cross-demands only on condition that plaintiff's allegations are sustained. The main purpose of the cross-petition is to open and surcharge or falsify the account stated in event the instrument is established as an account stated. Therefore, the main relief sought thereby arises from a contractual obligation and punitive damages may not be recovered. Section 9963, O. S. 1931, 23 Okla. St. Ann. § 21.

The judgment is reversed and remanded, with directions to proceed with the trial of the cause in accordance with the views herein expressed.

BAYLESS, C. J., and CORN, DAVISON, and DANNER, JJ., concur.