### REINHART & DONOVAN CO. v. WILLIAMSON.

No. 30544. Dec. 1, 1942.

*131 P. 2d 765.*

Twyford & Smith and William J. Crowe, all of Oklahoma City, for plaintiff in error.

H. L. Douglass, Sylvanus G. Felix, and M. S. Douglass, all of Oklahoma City, for defendant in error.

PER CURIAM. C. A. Williamson, plaintiff, brought an action against the Reinhart & Donovan Company, a corporation, hereinafter referred to as defendant, to recover on a contract for the installation of some electrical equipment, alleging that a total contract indebtedness was created in the sum of $1,493.60, of which $1,000 had been paid. He sought judgment for $493.60. Defendant denied that it had agreed to pay $1,493.60, and alleged that all the payments due had been made. As a special answer and counterclaim it alleged that by reason of the faulty installation the defendant expended the sum of $200 for work and equipment to render the work to be done satisfactory. Issues were joined by reply, and on a trial by jury verdict was returned for $493.60 and judgment rendered thereon by the court.

Defendant appeals and presents error in one single proposition. It is argued that the trial court erred in submitting the case to the jury on instruction No. 4 on the theory of an account stated. Therein the court stated:

"You are instructed that when one party sends out a statement of account to another with whom he has been dealing, which statement is received by said other party but not replied to or objected to within a reasonable time, such failure to reply or reject within such reasonable time constitutes an acquiescence by the party receiving said statement of account and an admission that said account is correctly stated.

"What is a reasonable time in this connection is a question for the jury to determine under all the circumstances of the case, considering the nature of the business, the distance of the parties from each other, the means of communication between them, and all the other facts and circumstances directly bearing thereon."

We are of the opinion, and hold, that the court erred in giving the instruction on the account stated. This court has considered accounts stated in the following cases: Branum v. Burns, 121 Okla. 5, 247 P. 58; Oklahoma Hay & Grain Co. v. Randall & Co., 66 Okla. 277, 168 P. 1012; Gladys Belle Oil Co. v. Clark, 147 Okla. 211, 296 P. 461; Owens v. Cohlman, 182 Okla. 380, 78 P. 2d 292; Hatten v. Interocean Oil Co., 182 Okla. 465, 78 P. 2d 392; Moyer v. Closs, 186 Okla. 354, 97 P. 2d 901.

Plaintiff does not seriously contest error in giving the instruction, but argues that the rule to be applied, many times recognized by this court, is that where it appears from the evidence that a verdict is so clearly right that, had it been different, the court should have set it aside, such verdict will not be disturbed merely for the reason that there is error found in the instruction, and cites in support thereof Shawnee National Bank v. Wooten & Potts, 24 Okla. 425, 103 P. 714; Covington State Bank v. Jayne, 103 Okla. 55, 229 P. 465; Wilson v. Holmes, 185 Okla. 239, 91 P. 2d 85, and several other related authorities.

We cannot agree that the cases are applicable. The record does not support this contention. The evidence was conflicting, and the trial court apparently thought the evidence was in such conflict as to require submitting the issue to the jury. In Moyer v. Closs, supra, it is stated:

"To constitute an account stated the transaction must be understood by each

party to be a final adjustment of the respective demands between them taken into consideration in the accounting."

In Owens v. Cohlman, supra, it is stated:

" 'An account stated is an agreement, expressed or implied, between parties who have had previous transactions with each other, fixing and determining the amount due from one to the other on account, and when such agreement is made, such "account stated" becomes a new obligation, and takes the place of the one upon the prior account.' "

In Gladys Belle Oil Co. v. Clark, supra, it is stated:

"Where an action is brought and defended as upon the original account, the account stated is waived, even if it had been theretofore agreed upon."

In Branum v. Burns, supra, after quoting a syllabus similar to Gladys Belle Oil Co. v. Clark, supra, the court stated:

"The giving of an instruction, in an action brought and defended as upon an open account, which presents for the first time the issue of an account stated, is without the issues; it deprives the defendant of an opportunity to defend against such substituted cause of action, and the giving of the same constitutes reversible error."

The fact situation in Branum v. Burns, supra, is somewhat similar to that in the case at bar. In the brief the plaintiff argues that there was no complaint made to the account first mailed to the defendant. This discloses the danger of such argument when taken in connection with the instruction above set out. As stated in Branum v. Burns, supra, the effect of the instruction given was to preclude the consideration of the defense presented by the defendant.

The test of reversible error in connection with an instruction given is whether or not the jury were misled so that they reached a different result than they would have reached but for the error, or whether there is a serious misdirection in the charge, excluding from the consideration of the jury an issue properly in the case. 3 Am. Jur. Appeal and Error, § 1125; Bennighof-Nolan Co. v. Adcock, 194 Ind. 33, 141 N. E. 782.

We conclude that the case at bar falls under the rule announced above, and that there was prejudicial error in giving instruction No. 4.

The case is reversed and remanded, with directions to grant a new trial.

WELCH, C. J., CORN, V. C. J., and OSBORN, BAYLESS, and GIBSON, JJ., concur. RILEY, HURST, DAVISON, and ARNOLD, JJ., absent.