GIVENS v. PARKER et al.

No. 35374.

Supreme Court of Oklahoma.

June 16, 1953.

Rehearing Denied July 7, 1953.

Albert D. Lynn, Oklahoma City, for plaintiff in error.

Homer L. Hurt, Tulsa, for defendants in error.

BLACKBIRD, Justice.

Defendants in error, as plaintiffs, commenced this action to recover the sum of $8,629.09 from plaintiff in error, a real estate developer, as defendant, representing said sum as the unpaid balance of said defendant's account with them for engineering, surveying and other services they had rendered him in laying out and developing certain residential additions to and sections in Oklahoma City.

The parties will hereinafter be referred to as they appeared in the trial court.

It appears that the services plaintiffs rendered defendant extended over a period of several years beginning in 1947 and ending June 1, 1949, there being a running account between them all of that time. On August 1, 1949, plaintiffs forwarded defendant an itemized statement of the account showing a balance due them of $3,228.38. On the following September 12 and October 20, defendant made remittances of $1,000 and $500 to apply on the account, but plaintiffs' efforts to collect the remainder were unsuccessful. Later, they presented him with new itemized statements showing credits for all the money he had paid them, but showing a new balance in the above amount, thereafter sued for.

In his answer to plaintiffs' petition, defendant admitted that he orally employed plaintiffs, but alleged, in substance, that their claim contained some items of work that he had not employed them to do, and on other items they were claiming more compensation for their services than he had agreed to pay. After a trial before the court, without a jury, plaintiffs recovered judgment against the defendant in the principal sum of $4,315, or approximately one-half of the sum sued for.

In this appeal, defendant argues only one proposition. In it he for the first time, other than in his motion for a new trial, advances the theory that when plaintiffs forwarded the statement of August 1, 1949, showing a balance of only $3,228.38 due on defendant's account and defendant thereafter made the two aforementioned payments thereon, an " 'account stated' between the parties resulted which was conclusive and binding upon the parties and the court erred in not so holding." He cites authorities to the effect that an account stated is prima facie evidence of the accuracy and correctness of the items set forth therein and of the liability of the party against whom the balance is found. Under the rule that such a statement or settlement of account between the parties must govern, unless impeached by proof of "fraud, mistake, the omission of something, accident, or undue advantage taken" he contends that as a matter of law, the largest judgment the trial court could have correctly rendered against him was $1,728.38 or the difference between the stated account dated August 1, 1949, of $3,228.38 and the $1,500 which he subsequently paid on the account. Plaintiffs answer this argument by pointing out that an "account stated presupposes an absolute acknowledgment or admission of a certain sum due, or an adjustment of accounts between the parties, the striking of a balance, and an assent, express or implied to the correctness of the balance." 1 Am.Jur. 277, par. 23. The cited authority goes on to state that "If the acknowledgment or admission is quali-

fied and not absolute, or if there is an admission that something is due, without specifying how much, or if there is dissent from the balance as struck, there is no account stated." All of the authorities are in accord on the proposition that a fundamental element of an "account stated" is an *agreement* between the parties fixing and determining the amount due from one to the other on the account. See Owens v. Cohlman, 182 Okl. 380, 78 P.2d 292. In other cases, it is said that the transaction must be "understood" by each party to be a final adjustment of the respective demands between them. M. E. Trapp, Associated v. Tankersley, 200 Okl. 117, 191 P. 2d 202; Moyer v. Closs, 186 Okl. 354, 97 P.2d 901. As above noted, it is generally recognized that a debtor's assent to an account stated or statement of account may be implied, or inferred from his conduct; and affirmative action on his part is not necessary, for he may be held to have given his assent or tacit agreement by failure to act, such as a failure to object to, or his apparent acquiescence in, a statement of account over a considerable period. See Annotations at 11 A.L.R. 586 and 75 A.L.R. 1283.

However, as pointed out at 3 A.L.R. 294: "To give an account rendered the force of an account stated because of *silence* on the part of the person receiving it, the circumstances must be such as to justify an inference of assent on his part *to its correctness*." (Emphasis added.) And in Gulf Refining Co. v. Williams Roofing Co., 208 Ark. 362, 186 S.W.2d 790, 158 A.L.R. 754, it is shown that an account rendered will not become an account stated as long as some of the items thereof are in dispute.

At the trial in this case, the defendant was his only witness. An examination of his testimony shows conclusively that he never did accept the statement dated August 1, 1949, which plaintiffs forwarded to him as a purported statement of his account with them, nor did he ever agree that it reflected the true or correct balance he owed them. On the witness stand he made it plain that ever since some of the charges or items of debit shown thereon were called to his attention he has not only

questioned them but affirmatively maintained they were incorrect, though it is doubtful if he ever conveyed this opinion to the plaintiffs until after they turned the account over to their attorney for collection. He claimed that when the debits he regarded as overcharges and duplications were subtracted from the balance shown on said statement he, by his own computation (which he did not amplify or explain), had arrived at the conclusion he owed defendants only $140.43. In view of this affirmative and undisputed showing by the defendant himself that he never assented or agreed to the correctness of such a statement of his account, there is no significance in the fact that he made two payments on the account after the statement was transmitted to him. It can readily be inferred from his testimony as a whole that these payments were not made to "seal" any agreement or as a part of any settlement or adjustment, nor to "commit" or bind plaintiffs to the balance shown due on said statement, but only as payments on an old account in recognition of, and with the realization of, the fact that he rightfully owed them at least as much and probably more than such payments. His testimony indicates that at that time he had not finished checking or examining into the various debits or charges appearing on the statements, as he later did, and that he certainly did not accept the balance shown thereon as the correct or conclusive amount of his indebtedness to the plaintiffs. This is the important respect in which the present case differs from similar ones cited by the defendant and from the more recent case of Richey v. Pedersen, 100 Cal.App.2d 512, 224 P.2d 100, 105, which is more in point. There the court said that when the plaintiff rendered a statement setting forth what he considered the reasonable value of his services, and defendant *accepted* the statement and paid $275 on account thereof, asking time for payment of the balance, "there immediately was an account stated." The Court further said:

"Plaintiff's contention that there was no account stated is based primarily on his claim that defendant refused to assent to the account. Not only is

there defendant's .testimony that he did assent, but the other. evidence which raises a reasonable inference that he did."

Here, the evidence, including the. defendant's testimony, is all to the contrary, and the trial court, had he been called upon to do so, would have been justified in so finding. It will thus be seen that his failure to limit the amount of his judgment for plaintiffs to $1,728.38 was not error. No other error is alleged and "it is not claimed that the judgment is otherwise unsupported by sufficient evidence.

Therefore the judgment of the trial court is by this court affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN, DAVISON, O'NEAL and WILLIAMS, JJ., concur.