CITY OF WEWOKA et al.
v. DUNN et al.

No. 33217.    April 19, 1949.

*205 P. 2d 291.*

Hugh Roff, of Wewoka, for plaintiffs in error City of Wewoka and M. M. Sebastian, City Treasurer.

James F. Haning, of Wewoka, for defendants in error.

LUTTRELL, J.    This action was brought by plaintiffs, Albert M. Dunn and Jane Dunn, against certain individual defendants, the city of Wewoka, a municipal corporation, and M. M. Sebastian, city treasurer, to recover certain street improvement assessments paid by plaintiffs. The individual defendants were grantors in a warranty deed conveying to plaintiffs the property upon which the assessments were levied.

In the first cause of action, which was brought against all the defendants, plaintiffs allege that on December 9, 1944, the defendants deeded them the property by warranty deed, a copy of which was attached to the petition, which deed purported to convey the premises free and clear of all taxes, charges, liens and encumbrances of every nature, except the 1944 taxes. The petition further states that the premises were not free and clear of all encumbrances at the time the deed was executed and delivered by defendants to plaintiffs, but on the contrary street improvement assessment installments for five years were past due, unpaid and delinquent, and constituted liens and encumbrances upon the premises; that to remove the encumbrances and perfect the title they paid to the city treasurer of the city of We-

woka, on February 12, 1947, the sum of $1,375.67; that they notified defendants thereof and requested the said defendants to repay said sum, which the said defendants have failed, neglected and refused to do.

The second cause of action is brought against the city of Wewoka and M. M. Sebastian, city treasurer, without including the individual defendants. It alleges the payment of the street improvement assessments referred to in the first cause of action; attaches thereto a receipt acknowledging payment; states that the plaintiffs were informed and believed that the assessments were a valid, subsisting and outstanding lien and encumbrance against the property, and that as a result of such information and belief they paid said sum of $1,375.67. It further alleges that *if* the unpaid assessments did not constitute a valid lien and encumbrance against the property for the reason that they were no longer liens or encumbrances or enforceable against the property of plaintiffs, the payment was made under a mistake of fact and of law, and the money paid rightfully belongs to the plaintiffs, and the city treasurer holds said money in trust for plaintiffs. It seeks to enjoin the city treasurer and the city from distributing the said sum of $1,375.67, and prays further that *if* the court decree that they have no adequate remedy at law under their first cause of action, the erroneous payment be set aside and the city of Wewoka and city treasurer be ordered to repay said sum to plaintiffs.

S. N. North, the bondholder next in line for payment of bonds to be retired by the street improvement assessments, intervened; stated that the city clerk was a stakeholder for all bondholders and obligated to pay the sum paid in to the owner of said bonds in their numerical order; asserted that he was the owner of the next numerical bond due; that the payment was not made under protest, and that he was entitled to receive the sum so paid.

No demurrer or motion of any kind was filed in the case by the city of Wewoka and M. M. Sebastian, city treasurer, but they filed an answer alleging that the unpaid installments were a lien and encumbrance upon the property of plaintiffs; that the payment made by plaintiffs was made voluntarily without protest for the purpose of removing such lien; that no action had ever been brought by the bondholders to foreclose their lien upon the property of plaintiffs, but that the delinquent installments had been certified to the county treasurer, and that the city and the city treasurer held the sum paid by plaintiffs in trust for the owner of the bond next in line for payment.

A temporary injunction was issued by the trial court, and after the filing of the petition of the intervener and the answer of the city and city treasurer, plaintiffs moved for judgment on the pleadings on their second cause of action against the city, the city treasurer and the intervener, for the reason that no question of fact was presented by the pleadings, and that the answer of the city and city treasurer or city clerk showed that the lien of the assessments had been extinguished by limitation and laches. The trial court sustained this motion, and decreed the return of the money by the city treasurer and the city. The city, the city treasurer, and the intervener, S. N. North, appeal.

The defendants concede that under our holding in Baccus v. Banks, 199 Okla. 647, 192 P. 2d 683, the assessments had ceased to be valid liens upon the property at the time the payment was made by plaintiffs.

But defendants contend that the admissions in the petition of plaintiffs sufficiently show that the money was not paid under a mistake of fact; that when plaintiffs made the motion for judgment on the pleadings they admitted the allegations of the city's answer, and the intervener's petition, alleging that the payment was voluntarily made, and that the unpaid assessments constituted

subsisting liens upon the property. They assert that under the holdings of this court that a motion for judgment on the pleadings searches the record, the motion should have been sustained against the plaintiffs, and judgment rendered against them, for the reason that plaintiffs wholly failed to state any facts entitling them to recover. We are inclined to agree with this contention.

It is to be noted that the first cause of action was brought against the city and city treasurer, as well as against the individual defendants, and that the cause of action was not dismissed in its entirety, but plaintiffs only dismissed the action as to the individual defendants. As we view it the allegations that the assessments were liens and encumbrances against the property at the time the payment was made, and that demand was made of the defendants that the sum paid be repaid to plaintiffs, were admissions or allegations which were not withdrawn or abandoned by the dismissal as to the individual defendants. The only allegation of payment under mistake of fact and of law is that contained in the second cause of action, which states that *if* the assessments did not constitute valid, subsisting and outstanding liens and encumbrances against the property, the sum paid was paid under mistake of fact and of law. There is no allegation in plaintiffs' petition that the money was not paid voluntarily, and the allegations of the petition in intervention and of the city's answer to the effect that the payment was voluntarily made are not denied.

From plaintiffs' petition it is evident that the only mistake under which plaintiffs labored at the time they made the payment to the city treasurer was a mistake of law, namely, the effect of 11 O.S. 1941 §242, upon the lien of the delinquent assessments. In Baccus v. Banks, supra, we held the law constitutional, and that the liens had expired.

It is settled law in this state that money voluntarily paid with full knowledge of the facts may not be recovered. In Hadley v. Farmers National Bank, 125 Okla. 250, 257 P. 1101, 53 A.L.R. 943, we said:

"Money voluntarily paid, with full knowledge of all the facts under which it was demanded, cannot be recovered back upon the ground that payment was made under a misapprehension of the legal rights and obligations of the party paying."

And this is the general rule. 40 Am. Jur. p. 820, §157.

In Boland v. Boland, 171 Okla. 437, 43 P. 2d 79, we said:

"A motion for judgment on the pleadings searches the whole record, and a judgment may be rendered for the party, either the movant or his adversary, entitled thereto as the record then stands;"

And further:

"A motion for judgment on the pleading presents two questions to the court in the following order: (1) Is there any issue of material fact? And if no issue of material fact is presented by the pleadings, (2) which party is entitled to the judgment? In determining the second question, it is immaterial which party presents the motion, but on the first question the moving party is at this disadvantage: He is deemed not only to admit, for the purpose of the motion, the truth of every fact well pleaded, but to admit the untruth of his own allegations which have been denied. On the first question, the adverse party has this advantage: His pleadings will be construed so as to bring to his aid every reasonable intendment in favor of the sufficiency thereof. Thus the answer of the first question, and therefore whether or not the court reaches the second question, may depend somewhat upon which party makes the motion."

The rule stated in the quotation first set out above has been announced in numerous decisions of this court. Deming Investment Co. v. Reed, 72 Okla. 112, 179 P. 35; Hurie v. Quigg, 121 Okla. 80, 247 P. 677. The statement in the

 

second quotation is taken from Mires v. Hogan, 79 Okla. 233, 192 P. 811, and has been followed by this court in numerous decisions. See Arnote v. Southwestern Pipe & Supply Co., 189 Okla. 394, 117 P. 2d 529, and authorities cited.

Since the pleading of plaintiffs negatives the conclusion that plaintiffs at the time of making said payment labored under any mistake of fact, and since by their motion for judgment the allegations of the city's answer and the intervener's petition that the payment was voluntarily made, and that the assessments were valid and subsisting liens, are admitted, the trial court erred in sustaining the motion of plaintiffs, and in rendering judgment against the defendants, and for this error the judgment must be reversed.

Reversed.

DAVISON, C.J., and CORN, GIBSON, HALLEY, JOHNSON, and O'NEAL, JJ., concur. ARNOLD, V.C.J., and WELCH, J. dissent.

E. F. Maley, of Okmulgee, for plaintiff in error.

