CITY NAT. BANK & TRUST CO. v. HARVEY.

No. 34135.   Sept. 25, 1951.

Rehearing Denied Dec. 11, 1951.

*238 P. 2d 360.*

Keaton, Wells, Johnston & Lytle, Oklahoma City, for plaintiff in error.

A. K. Little and L. D. Hoyt, Oklahoma City, for defendant in error.

WELCH, J. W. E. Harvey commenced this action against City National Bank & Trust Company, a corporation, seeking to recover back a payment made by the plaintiff to the defendant in settlement of a mortgage indebtedness asserted by the defendant against an automobile which had been purchased and resold by the plaintiff.

The plaintiff had purchased the certain automobile from one in the possession thereof, and who held a certificate of title to it, which certificate reflected no liens or incumbrances against the car. The plaintiff had resold the automobile and delivered bill of sale therefor containing covenant of ownership and freedom from incumbrances, and providing that he would defend the same against the lawful claims and demands of all persons.

The defendant, with mortgage against the automobile of prior date of the above transactions, and with claim of right to possession under the mortgage, made demand upon the plaintiff's purchaser for possession and received possession of the automobile from the plaintiff's purchaser without protest from said last purchaser. The plaintiff's purchaser then made demands upon plaintiff that he be restored to possession of the automobile and free of incumbrances or have return of the purchase price he had paid to the plaintiff.

The plaintiff, through counsel, learned of the amount of the mortgage indebtedness claimed by the defendant and of the amount that would satisfy the claim of the defendant, and on the advice of said counsel and through said counsel the plaintiff paid to the defendant the amount agreed by the defendant as sufficient to satisfy its claims against the automobile. Whereupon the possession of the automobile was restored to the plaintiff's purchaser and grantee.

Thereafter the plaintiff made a check of the chattel mortgage records of the county of defendant's principal place of business and where the original certificate of title to the automobile had been issued. The plaintiff found no record of mortgage of the automobile to the defendant by any previous holder of title certificate describing the automobile. Thereafter plaintiff commenced this action.

Prior to the plaintiff's purchase of the automobile the defendant had taken a mortgage on it from one then the owner and possessor thereof, although the automobile was never registered in the name of defendant's mortgagor.

On hearing and trial, at which testimony and evidence was presented showing the above state of facts, the trial court rendered judgment for the plaintiff and against the defendant for the sum the plaintiff had paid to the defendant.

The defendant contends that the payment by plaintiff to the defendant was voluntary and that no right to a recovery of such payment was shown.

In City of Wewoka v. Dunn, 201 Okla. 286, 205 P. 2d 291, it was said:

"It is settled law in this state that money voluntarily paid with full knowledge of the facts may not be recovered. In Hadley v. Farmers National Bank, 125 Okla. 250, 257 P. 1101, 43 A. L. R. 943, we said:

" 'Money voluntarily paid, with full knowledge of all the facts under which it was demanded, cannot be recovered back upon the ground that payment was made under a misapprehension of the legal rights and obligations of the party paying.'

"And this is the general rule. 40 Am. Jur. p. 820, §157."

In Owens v. Cohlman, 182 Okla. 380, 78 P. 2d 292, it is said:

"There is an unlimited number of cases from our court and from other jurisdictions, all holding that, where money is voluntarily paid over to a party, the payment not being made as a result of fraud, mistake, or duress, such payment cannot be recovered back or set off as against another claim. The principal cases from this court holding to this effect are American Surety Co. v. Steen, 86 Okla. 252, 208 P. 212; and Hadley v. Farmers Nat. Bank of Oklahoma City, 125 Okla. 250, 257 P. 1101."

The plaintiff testified to the effect that upon hearing from his vendee that the defendant had possession of the automobile and had taken possession under claim of right under a mortgage, he consulted an attorney who investigated the matter and reported to him with advice that he pay the defendant's claim of mortgage indebtedness, and that he paid the amount in reliance upon the investigation and advice of his attorney.

The defendant's mortgage was on file in the proper county office of the county of its origin at the date the defendant took possession of the automobile involved. There is no evidence in the record tending to show that defendant concealed any facts in connection with its mortgage or in connection with its actions in taking possession of the automobile.

Under the plaintiff's own testimony and the undisputed testimony and evidence, the plaintiff had full knowledge, or the means of full knowledge, of all the facts concerning the defendant's claims and taking possession of the automobile, and there was no fraud or duress practiced upon him. In these circumstances of plaintiff's payment of the amount claimed by the defendant, the payment was voluntarily made, and there is no basis in law for the recovery of the payment so made.

The judgment is reversed.

CORN, GIBSON, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.

Rehearing Denied Dec. 11, 1951.