[Civ. No. 17604.   First Dist., Div. Two.   Apr. 14, 1958.]

ROSSIE M. DORAN, Individually and as Administratrix, etc., Respondent, v. MILLAND DEVELOPMENT COMPANY (a Corporation), Appellant.

Morton R. Colvin and Reynold H. Colvin for Appellant.

Nelson, Boyd & Menary and D. K. MacDonald for Respondent.

DOOLING, J.—Appellant is a corporation engaged in the construction of new homes and the sale of such homes to members of the public. In 1947 appellant sold a new home so built by it in the city of Mill Valley to respondent Rossie M. Doran and her husband, who died in 1949. In April of 1953 by reason of the fact that a portion of the bedroom floor collapsed under the weight of a bed Mrs. Doran first discovered that the foundations of the house were infested with a wood-destroying fungus and was obliged to pay $2,-309.51 for necessary repairs. Suing on her own behalf and as administratrix of her husband's estate she recovered judgment. The action sounded in fraud.

The evidence most favorable to the judgment showed that the fungus-infestation was caused by insufficient ventilation of the sub-floor area, that the house as built had eight airvents of the louvre type which were insufficient for the purpose, whereas the building ordinance of the city of Mill Valley required 17 vents covered with galvanized wire. The evidence further showed that appellant's salesman represented to Mr. and Mrs. Doran that "the foundation was properly built"; that neither appellant's officers nor its contractor, who built the house for it, was familiar with the Mill Valley building ordinance or its requirements as to sub-floor ventila-

tion although they knew that there was such an ordinance; that they relied on the building inspector of the city to call their attention to any deviations in the plans from the requirements of the ordinance; that the inadequacy of the vents to comply with the ordinance was not called to their attention and that they believed because of this that the house as constructed complied with the ordinance. The Dorans were not informed that appellant was not familiar with the requirements of the building ordinance. Mrs. Doran testified that she would not have purchased the property if she had known that it was not properly vented.

The trial court found that appellant's salesman made the representation "that the foundation was properly built"; that appellant failed to inspect the Mill Valley building ordinances, that appellant concealed this fact from the Dorans, but that appellant honestly believed at the time that it had complied with said ordinances. The court further found that the Dorans would not have bought the property if they had known of the defective construction.

Appellant argues the case as if the express representation that the foundation was properly built and the concealment of its failure to familiarize itself with the Mill Valley building ordinance could be "compartmentalized" and insulated from one another. In this fashion appellant first argues "that there is a total failure of proof regarding any impropriety in the construction of the foundations per se, and that in the absence of an express representation. regarding compliance with the city ordinances regulating . . . ventilating vents, no false representation had been proven." Having thus, to its own satisfaction, disposed of the express representation it turns to the concealment of its failure to familiarize itself with the building ordinances and argues that because it had the good faith belief that it had not violated any ordinance such concealment could not be fraudulent, citing *Watt* v. *Patterson*, 125 Cal.App.2d 788 [271 P.2d 200].

Appellant cannot thus divorce the express representation from the concealment and treat each separately as if the other did not exist. ■ Under the decisions even though there may be no duty of disclosure in the absence of some express representation, "one who does speak must speak the whole truth, and not by partial suppression or concealment make the utterance untruthful or misleading." (23 Cal.Jur.2d, Fraud and Deceit, § 46, p. 112.) ■ Here the representation was expressly made that the foundation was properly

constructed. Actually it was not, in that the vents required by the ordinance had not been placed in the building. The foundation was vulnerable to the attack of wood-destroying fungus by reason of that fact. The Dorans were entitled to believe that all applicable building laws had been complied with in this respect and having undertaken to make a representation on that subject appellant was bound not to conceal any relevant circumstance.

■ Appellant's argument is equally vulnerable from another point of view. Fraud may consist in "(t)he positive assertion, in a manner not warranted by the information of the person making it, of that which is not true, though he believes it to be true." (Civ. Code, § 1572, subd. 2; *Gagne* v. *Bertran,* 43 Cal.2d 481, 487 [275 P.2d 15].) ■ The positive representation that the foundation was properly built, when it had not been ascertained whether the building laws had been complied with in this respect, falls well within this rule, although appellant believed it to be true. The intent to deceive is not necessary. It is sufficient in this respect if the representation is made with intent to induce the parties to act upon it. (*Gagne* v. *Bertran, supra,* 43 Cal. 2d 481, 488.)

■ The claim that the representation that the foundation was properly built was a mere expression of opinion cannot stand in the face of the rule that where the one making the representation is in a position to have "superior knowledge or special information concerning the subject matter" such representation is regarded as one of fact. (23 Cal.Jur.2d, Fraud and Deceit, § 12, p. 30; *Union F.M.* v. *Southern Calif. F.M.,* 10 Cal.2d 671, 676 [76 P.2d 503]; *Gagne* v. *Bertran, supra,* 43 Cal.2d 481, 489.)

The reliance of Mrs. Doran upon the representation is established by her testimony that if she had known that the house was not properly vented she would not have bought it. While Mr. Doran's death precluded direct testimony of his reliance the circumstantial evidence sufficiently supports the finding as to him.

Judgment affirmed.

Kaufman, P. J., and Draper, J., concurred.

A petition for a rehearing was denied May 14, 1958, and appellant's petition for a hearing by the Supreme Court was denied June 11, 1958.