**L. E. SMITH CONSTRUCTION CO., a corporation, Plaintiff in Error,**

v.

**BEARDEN PLUMBING AND HEATING CO., a corporation, Defendant in Error.**

No. 39595.

Supreme Court of Oklahoma.

June 5, 1962.

**230**

Covington & Gibbon, Tulsa, for plaintiff in error.

John M. Freese, Tulsa, for defendant in error.

BERRY, Justice.

In so far as material to the issues presented by this appeal, plaintiff in error, L. E. Smith Construction Co., hereafter referred to as "plaintiff", alleged in its petition that it contracted and agreed to construct an elementary school building in Tulsa County; that it entered into a contract with defendant in error, Bearden Plumbing & Heating Co., hereafter referred to as "defendant", to "perform all plumbing and heating work" on the school building; that defendant refused to install a water cooler that defendant had contracted to install; that plaintiff subsequently caused the cooler to be installed at a cost of $495.40; that had defendant complied with the contract between plaintiff and defendant by installing the cooler, there would have been owing from plaintiff to defendant under the contract $8,223.49, but because of its failure in said particulars only $7,728.09 was owing; that during the pen-

dency of this dispute over the correct amount owing to defendant, defendant instituted an action (No. 98,957, hereafter referred to as "first case"), in the District Court of Tulsa County, seeking judgment against plaintiff for $8,223.49, together with interest, attorney's fees and costs; that plaintiff threafter contacted its attorney relative to plaintiff's tendering the amount ($7,728.09) which plaintiff admitted that it owed defendant; that "solely by reason of mistake on the part of plaintiff and/or its attorney, said tender was made in the amount of $8,223.49, being the exact amount which defendant contended was due and owing but which defendant well knew was denied by plaintiff"; that while plaintiff and its attorney were unaware of the mistake relative to the amount of the tender, but at a time when defendant was aware of same, defendant applied for and was paid the tender; that thereafter, and before plaintiff had learned of the mistake, defendant dismissed its action without prejudice. Plaintiff prayed for judgment against defendant in the amount of $495.40.

Plaintiff amended its petition so as to plead the tender which was in writing. In the tender filed in the first case, plaintiff stated in substance that plaintiff tendered to defendant $8,223.49 as the "balance due * * * less lawful deductions" under the contract between plaintiff and defendant; that the tender was in "full payment and all that" was due defendant; that the court clerk was authorized to distribute the amount tendered to defendant.

Defendant filed a demurrer to plaintiff's petition which was subsequently sustained by the trial court. Upon the plaintiff's electing to stand upon the allegations of its petition as amended, its action was dismissed. From order of dismissal, plaintiff perfected this appeal.

Prior to presentation of the demurrer, plaintiff and defendant agreed that in considering the demurrer, the trial court was privileged to consider a stipulation that was executed and filed by the parties in the original case.

It was stated in the stipulation that same should "not constitute any admission whatsoever, either express or implied as relinquishment of rights or of the existence of liability, except and insofar only as the same are next specifically set forth." Paragraphs numbered numerically "2" and "3" of the stipulation read as follows:

"2. With reference to plaintiff's Petition filed herein, plaintiff and defendand, L. E. Smith Construction Company, do specifically agree, stipulate and declare that a written contract did exist between them and certain monies are due from said defendant to said plaintiff; that the total amount of such monies now due is in controversy; that both parties agree that $8,223.49 is owing, plaintiff taking the position that additional sums as described in the Petition are further and in addition owing and said defendant taking the position that the said sum of $8,223.49 is the total principal amount due and owing.

"3. That said defendant is at this time paying to the plaintiff the said sum of $8,223.49. Both of said parties agree that such payment is made for and accepted as payment for labor and materials furnished by the plaintiff under the aforesaid contract; that the acceptance of such payment by the plaintiff shall not bar nor preclude nor limit it from claiming in this or subsequent action, the items and additional amounts and differences claimed and alleged to be due and owing; and, furthermore, that the payment of this money by such defendant shall be and only be an admission that such amount here paid was due and owing and shall not be any admission that any additional sums are necessarily owed by this defendant to this plaintiff." (reference to the parties in the above quoted matter is in reverse order to the reference used in this opinion.)

It was further provided in the stipulation that March 8, 1960, the date of the tender, should be the "final cut off date for any claim" for interest; that defendant should not be precluded from recovering interest on any additional amount that might be adjudged owing to it.

Plaintiff contends that its petition stated a cause of action for the return of money paid under a material mistake of fact; that the allegations of its petition created an issue of fact as to the existence of accord and satisfaction and the doctrine of res judicata is therefore inapplicable.

■ It is settled law in this jurisdiction that money voluntarily paid on a debt with full knowledge of the facts under which it was demanded cannot be recovered. See City Nat. Bank & Trust Co. v. Harvey, 205 Okl. 428, 238 P.2d 360, and cited cases.

In the instant case plaintiff knew, prior to defendant's instituting the first case all pertinent facts that bore upon the claim that defendant asserted therein. In fact, both plaintiff and defendant knew and realized prior to institution of the first case that their dispute concerned only the matter of whether the $8,223.49 that would be owing if defendant complied with its contract with plaintiff should be reduced by $495.40, which represented the cost of furnishing and installing a cooler. As heretofore pointed out, defendant contended that it was not bound to furnish and install the cooler and plaintiff contended otherwise. Plaintiff asserts that the fact that it had such knowledge is without significance because its agents did not know or forgot or overlooked the fact that the $495.40 was in dispute when the tender was made. In its brief plaintiff states that such was true when the stipulation was entered into that is mentioned supra.

In its brief defendant points out that plaintiff mentioned the first case in its petition filed in this case and says that at the hearing on the demurrer the trial court examined the files and records in the first case; that said files and records show that plaintiff filed an application in the first case to withdraw its tender; that by formal order it was permitted to do so; that subsequently the stipulation was entered into fol-

lowing which plaintiff paid defendant $8,233.49, or $10.00 more than the amount tendered. In its brief, defendant quotes records that form the basis of its statements to the foregoing effect.

The stipulation entered into in the first case that the parties agreed could be considered in this case, shows, without resort to other matter appearing in the files and records of the said case, that payment was made to defendant as a result of the agreement set forth in the stipulation and not the tender which allegedly was made under a mistake of fact. We note that the payment made exceeded the amount of the tender by $10.00. For reasons stated the fact that plaintiff made the tender because of a mistake of fact is wholly without significance, and its position here is only well taken if the facts show that it should in effect be relieved from the stipulation.

It is made clear in the stipulation that the parties agreed that plaintiff owed defendant as much as $8,223.49 under the contract; that $8,233.49 was paid by plaintiff to defendant as "payment for labor and material furnished by (defendant) under" the contract; that in consideration of the $8,233.49 payment, March 8, 1960, the date of tender, would be "the final cut-off date for any claim or alleged interest" on $8,223.49; that defendant was at liberty to prosecute any claim arising under the contract in excess of the amount that plaintiff paid under the stipulation.

To our way of thinking the stipulation represents a compromise of a portion of the claim that defendant asserted in the first case, which portion appears to be $8,223.49 of the principal amount asserted by defendant, interest accruing thereon and possibly costs and attorney's fee that could arise because of defendant's assertion of the mentioned amount. This portion of the claim was settled for $8,233.49. We add, that under the allegations of plaintiff's petition in the instant case, the only claim asserted by defendant in the first case was one for "the sum of $8,223.49, plus interest, attorney fees and costs."

We are of the opinion that the record wholly fails to show facts that would relieve plaintiff from the compromise and settlement that was reached in connection with the first action. In the first paragraph of the syllabus to Tulsa Interstate Petroleum Co. v. Allison et al., 112 Okl. 47, 239 P. 633, we said in part that:

"Voluntary settlements are so favored that if a doubt or dispute exists between parties with respect to their rights, and all have the same knowledge or means of obtaining knowledge, concerning the circumstances involving these rights, and there is no fraud, misrepresentation, concealment, or other misleading incident, a compromise into which they thus voluntarily enter must stand and be enforced, although the final issue may be different from that which was anticipated, and although the disposition made by the parties in their agreement may not be that which the court would have decreed had the controversy been brought before it for decision."

In order to impeach a compromise and settlement of a disputed claim for a mistake of fact, it must be shown that it was a mutual mistake. See Coates v. First Nat. Bank & Trust Co. of Oklahoma City et al., 176 Okl. 322, 55 P.2d 441. In the instant case $495.40 of the claim was disputed and it is not contended that defendant labored under a mistake of fact as to said amount when it accepted said amount under the settlement agreement.

We are of the opinion that under the record plaintiff did not in fact have a cause of action against defendant for $495.40 paid by virtue of the compromise and settlement and for said reason the trial court did not err in dismissing the cause of action pleaded by plaintiff.

Affirmed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and WELCH, HALLEY, JOHNSON and IRWIN, JJ., concur.