**VINSON SUPPLY COMPANY, Appellant,**

v.

**STATE of Oklahoma ex rel. OKLA-HOMA TAX COMMISSION, Appellee.**

**No. 67649.**

Supreme Court of Oklahoma.

Oct. 4, 1988.

Rehearing Denied Feb. 1, 1989.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

---

[redacted]

[redacted]

Conner & Winters by Henry G. Will and Martin R. Wing, Tulsa, for appellant.

J. Lawrence Blankenship, General Counsel and Kris D. Kasper, Oklahoma Tax Com'n, Oklahoma City, for appellee.

HODGES, Justice.

On August 31, 1984, Vinson Supply Company (Vinson or appellant), a corporation organized under the laws of the State of Delaware being domesticated and qualified to do business in the State of Oklahoma and having within the State of Oklahoma its principal place of business, filed a request for refund of sales tax with the Sales and Use Tax Division of the Oklahoma Tax Commission (Commission or appellee). From January, 1982, to January, 1983, Vinson sold a large amount of tubular goods (pipe) to Kerr–McGee Corporation (Kerr–McGee). Upon such sales, Vinson remitted the collected sales tax to the Sales and Use Tax Division. The tax collected by Vinson on the goods sold to Kerr–McGee amounted to $783,475.14. On October 31, 1984, the Director of the Sales and Use Division denied Vinson's refund. Vinson timely filed a protest to the Director's denial on November 29, 1984.

Beginning in January, 1982, Kerr–McGee purchased large volumes of pipe from Vinson in order to accomplish deep drilling in Fletcher Field, an oil field located in Comanche County, Oklahoma. Kerr–McGee was operator of numerous oil wells in the field. Although purchased from Vinson, the pipe was manufactured in Texas by Lone Star Steel Company and stored in Texas at McAlister Storage Yard prior to shipment to Oklahoma. Additionally, inspection and acceptance of the pipe occurred in Texas.

At the time of purchase, Kerr–McGee and Vinson assumed the final delivery point to be within the State of Oklahoma. This was evidenced by the invoices of the pipe. However, by mid–1983, it became clear to Kerr–McGee the goods would not be delivered and used in Oklahoma as it had abandoned nearly all of its wells in Fletcher Field. Kerr–McGee notified Vinson by letter dated June 8, 1984, of this change and requested Vinson to seek a refund of the Oklahoma sales tax previously paid to the Commission. Vinson acted accordingly upon the request.

Some of the pipe was ultimately shipped to Oklahoma despite Kerr–McGee's action of abandonment. However, the majority of the goods remain in a temporary storage facility in Wichita Falls, Texas. Kerr–McGee admits that a use tax must be paid on the portion of the pipe delivered to Oklahoma. Thus, it is agreed the refund requested should be reduced by $130,094.14 if the refund is ultimately granted.

Under 68 O.S.1981 § 227, a taxpayer is entitled to a refund for erroneous payment of any tax collected by the Commission through error of fact, or computation, or misinterpretation of law. Section 227 provides any taxpayer may file a claim for refund of an erroneous payment of any tax collected through an error of fact or computation within three years from the date of payment thereof. However, for a payment made through misinterpretation of law, the taxpayer must file a refund claim within one year from the date of payment thereof.

In the present case, neither party contends the circumstances fall within the category of error of computation. If Vinson's erroneous payment is characterized as made through error of fact its claim for refund is timely under § 227's three year limitation period. However, if the payment is categorized as made through misinterpretation of law Vinson's claim for refund would be time barred under § 227's one year limitation period. The Commission denied Vinson's claim for refund finding the erroneous payment was made through a misinterpretation of law.

The ultimate issue for this Court to decide is whether the Commission erred in ruling the erroneous payment was made through a misinterpretation of law rather than made through an error of fact.

The Commission asserts on appeal the tax payment was made through misinterpretation of law in that Vinson paid sales tax instead of use tax; thus, Vinson's claim for refund is barred because it was not filed within one year from the date of payment of the tax.

■ We must initially note it is undisputed the transaction here involves use tax

although Vinson submitted sales tax. The transaction does not fall within the ambit of 68 O.S.1981 § 1352(L) which defines a sale for purposes of the imposition of a sales tax. The parties stipulate that Vinson erroneously remitted sales tax rather than use tax inasmuch as both title and possession of the pipe was transferred by Vinson to Kerr–McGee in Texas. The facts in the present case clearly involve a use tax transaction as there was no sale in Oklahoma and the tax was paid solely on the assumption the pipe would be delivered and used in Oklahoma. We find, however, this mistake is not the error which induced the erroneous tax payment. But rather, Kerr–McGee's erroneous representation regarding the delivery of the pipe into Oklahoma was the error through which the tax payment was made. Because we must construe tax statutes strictly against the state to give effect to substance rather than form the error in tax form here is disregarded for purposes of this appeal as it is not relevant to Vinson's refund claim. *C.H. Leavell & Company v. Oklahoma Tax Commission,* 450 P.2d 211 (Okla.1968).

Therefore, we do not find the Commission's characterization of the erroneous payment as a misinterpretation of law persuasive.

■ Vinson correctly submits the erroneous payment was made through an error of fact based on Kerr–McGee's representations that the goods were to be delivered and used in Oklahoma. Therefore, the three year limitation under § 227 would control and the claim for refund was timely.

Error of fact is not defined in the Oklahoma Tax Code. The Commission urges this Court to look to the statutory contract definition of mistake of fact as provided in 15 O.S.1981 § 63, as follows:

"Mistake of fact is a mistake not caused by the neglect of a legal duty on the part of the person making the mistake, and consisting in:

1. An unconscious ignorance or forgetfulness of a fact past or present, material to the contract, or,

2. Belief in the *present* existence of a thing material to the contract, which

does not exist, or in the *past* existence of such a thing, which has not existed." (Emphasis added).

Under this definition, the Commission maintains Kerr–McGee's representation with regard to the ultimate delivery of the pipe was in existence at the time Vinson voluntarily paid the sales tax to the Commission based on this representation. Thus, Vinson was neither ignorant nor forgetful of this representation. Secondly, it asserts the fact that the pipe was not ultimately delivered within Oklahoma was not in existence when Vinson paid the sales tax. It thus argues Vinson did not have a belief in the present or past existence of this fact which is required to fall within the statutory definition of mistake of fact set out above. The Commission therefore contends Vinson is not entitled to a refund under § 227 as a payment made through an error of fact.

We cannot accept the Commission's argument. Under 68 O.S.1981 § 1407 of the Use Tax Code, Vinson, as a vendor, had a mandatory statutory duty "to collect use tax upon all tangible personal property sold to [its] knowledge for use within this state." Further, § 1406 required Vinson at the time of making such sales to Kerr–McGee to collect the use tax. And, under § 1405, the use tax "is due and payable on the first day of each month for the preceeding calendar month, and if not paid on or before the 15th day of each month shall thereafter be delinquent." Vinson was statutorily required to remit the use tax before the taxable event, *i.e.,* ultimately delivery and use within Oklahoma. Kerr–McGee's initial representations concerning delivery and use of the pipe within Oklahoma was the material fact which caused the erroneous payment of tax.

■ The statutory contract definition of mistake of fact (15 O.S.1981 § 63) which the Commission submits is controlling is not applicable in this case. We hold in the context of a change in material facts occurring after the erroneous payment of a use tax, as presented in the instant case, the tax payment is made through error of fact for purposes of a claim for refund under § 227.

Furthermore, a contrary construction would place the burden of non-delivery of the pipe into Oklahoma on Vinson, which is clearly inconsistent with the parties' intent. Vinson did not contract to assume the risk of non-delivery of the pipe nor has the Legislature so provided in the Tax Code. Vinson had no control over Kerr–McGee's delivery of the pipe, either inside or outside the State of Oklahoma. Vinson would not have had knowledge of the non-delivery of the pipe into Oklahoma had Kerr–McGee not advised it of the change in circumstances subsequent to the payment of the tax.

Our characterization of the payment as one made through error of fact is consistent with those cases which hold, where a material fact is within the sole possession of a third party with peculiar knowledge, an erroneous representation with regard to such fact constitutes a fact not a mere expression of opinion. *Varn v. Maloney,* 516 P.2d 1328, 1332 (Okla.1973). *Johnson v. Eagle,* 355 P.2d 868 (Okla.1960). *See also Doran v. Milland Development Co.,* 159 Cal.App.2d 322, 323 P.2d 792 (1958). Kerr–McGee's initial representation to Vinson concerning the destination of the pipe into Oklahoma was the material fact of the transaction bearing on use tax liability to Oklahoma. Only Kerr–McGee controlled the ultimate destination of the pipe, and such fact was unequivocally expressed to Vinson and reasonably relied upon by Vinson when it made the erroneous tax payment.

Based on the foregoing reasons, the order of the Commission denying Vinson's refund claim is reversed and the case is remanded with directions to grant Vinson's refund claim, less the sum of $130,094.14 which represents a portion of the pipe sold and delivered in Oklahoma.

HARGRAVE, V.C.J., and HODGES, LAVENDER, SIMMS and SUMMERS, JJ.

OPALA and KAUGER, JJ., concur in result.