**BUDGET RENT–A–CAR OF TULSA, Appellant,**

v.

**STATE of Oklahoma ex rel. OKLAHOMA TAX COMMISSION, Appellee.**

No. 67729.

Supreme Court of Oklahoma.

May 2, 1989.

Richard R. Stutsman, Marsh, Roberts, Marrs, Shacklett & Fears, P.C., Tulsa, for appellant.

J. Lawrence Blankenship, Gen. Counsel, Midwest City, Joe Mark Elkouri, Successor Gen. Counsel, Robert B. Struble, Oklahoma City, for appellee.

OPALA, Vice Chief Justice.

The dispositive issue presented for our review is whether the appellant-taxpayer is entitled to a tax refund because its payment of motor vehicle excise tax was made through an "error of fact." We answer in the negative.

## THE ANATOMY OF LITIGATION

Budget Rent–A–Car of Tulsa [taxpayer] rents automobiles on a short-term basis. For business operations the taxpayer is required to own a large fleet of vehicles. Its inventory is maintained through periodic acquisitions effected as need arises to replace individual cars of which disposition is made.

During 1983 and 1984 the taxpayer purchased a number of automobiles. Upon taking title to these cars, the taxpayer paid *excise tax* imposed by 68 O.S.Supp.1982 § 2103,[1] though it could have claimed the exemption provided by 68 O.S.Supp.1982 § 2105(i).[2] The latter section permits a taxpayer engaged in the car rental business to obtain a nontransferable title without payment of the required excise tax. During these years the taxpayer also paid the *rental tax* due under 68 O.S.Supp.1982 § 2110.[3]

Upon discovering that it had held some of the 1983 and 1984 automobiles for more than twelve months, the taxpayer wrote a

1. The terms of 68 O.S.Supp.1982 § 2103 provide in pertinent part:
   "(a) *There is hereby levied an excise tax* of two percent (2%) of the value of each vehicle, *upon the transfer of legal ownership of any such vehicle registered in this state ..., except as otherwise provided in Sections 2101 through 2108 of this title. The tax hereby levied shall be due at the time of the transfer of legal ownership* or first registration in this state of such vehicle, and shall be collected by the Tax Commission at the time of the issuance of a certificate of title for any such vehicle.... The excise tax levied by this section shall be delinquent from and after the twentieth day after the legal ownership or possession of any vehicle is obtained...." [Emphasis added.]
   Section 2103 was later amended in 1985, 1986, 1987 and 1988 [Okl.Sess.L.1985, Ch. 179, § 90; Okl.Sess.L.1986, Ch. 68, § 1; Okl.Sess.L.1987, Ch. 6, § 13; Okl.Sess.L.1988: Ch. 156, § 4, Ch. 179, § 5, Ch. 204, § 10, Ch. 240, § 6].

2. The relevant parts of 68 O.S.Supp.1982 § 2105 are:
   "*An original or a transfer certificate of title shall be issued without the payment of the excise tax ... for:*
   * * * * * *
   (i) *Any vehicle which is purchased by a person to be used by a business engaged in renting motor vehicles without a driver.... Provided that any such vehicle exempted from the excise tax by this subsection which is later sold or title transferred prior to the expiration of*

   *twelve (12) months shall cause to become due and payable immediately from the seller the amount of excise tax which would have been due had this exemption not been granted plus a penalty of twenty percent (20%).* Provided further that when this exemption is claimed the Oklahoma Tax Commission shall issue a *nontransferable title* and shall not issue a transferable title prior to the expiration of twelve (12) months or the payment of the excise tax plus penalty as provided herein. For all other tax purposes vehicles herein exempted shall be treated as though the excise tax has been paid." [Emphasis added.]
   Section 2105 was later amended in 1986 and 1988 [Okl.Sess.L.1986: Ch. 172, § 6, Ch. 284, § 14; Okl.Sess.L.1988: Ch. 34, § 1, Ch. 156, § 5; Ch. 240, § 7].

3. The terms of 68 O.S.Supp.1982 § 2110 provide in pertinent part:
   "A. There is hereby levied a rental tax of two percent (2%) on the gross receipts of all motor vehicle rental agreements as provided in this section....
   B. This rental tax is in lieu of the motor vehicle excise tax....
   C. ... The Tax Commission shall implement such rules and regulations and devise such forms as it deems necessary for the orderly collection of this tax and the excise tax and penalty provided for in ... subsection (i), Section 2105...."
   Section 2110 was later amended in 1985 [Okl.Sess.L.1985, Ch. 179, § 92].

letter to the Oklahoma Tax Commission [Commission] in 1986, requesting a refund of the excise tax [4] previously paid on these vehicles. The taxpayer claimed a refund was proper under 68 O.S.1981 § 227 because the excise tax had been paid through "an error of fact." [5] The Director of the Motor Vehicle Division denied the request. His decision states that the taxpayer knew all the facts at the time it paid the excise tax.

The matter was then heard by an administrative law judge who concluded the payment of excise tax [6] was based on a business determination and not on a mistake of fact.[7] Based on the judge's recommendation, the Commission issued its order denying the refund. The Court of Appeals reversed and remanded with instructions to grant the refund. The appellate court's decision rests on the view that (a) the Commission's order resulted in double taxation in contravention of legislative intent [8] and (b) § 227 should be construed liberally to permit a court's rectification of a statutorily unintended result.

We grant certiorari to clarify apparent misperceptions about the meaning of the

---

4. Included in the record is the taxpayer's refund request, dated February 27, 1986, which states:

   "This letter is in regards to our prior telephone conversations involving [the taxpayer's] application for refund of overpaid Motor Vehicle *Excise* Tax....

   \* \* \* \* \* \*

   *In view of the fact that there is no set procedure for the filing of a refund of a Motor Vehicle Excise Tax paid under Title 68 O.S. § 2103, we are considering this our formal application for refund* for purposes of tolling the Statute of Limitations on refunds as provided by § 227 of Title 68...." [Emphasis added.]

5. The pertinent terms of 68 O.S.1981 § 227 provide:

   "(a) Any taxpayer who has paid to the State of Oklahoma, through *error of fact*, or computation, or misinterpretation of law, any tax collected by the Tax Commission may, as hereinafter provided, be refunded the amount of such tax so erroneously paid, without interest.

   (b) Any taxpayer who has so paid any such tax may, within three (3) years from the date of payment thereof if such payment was made through error of fact or computation, or within one (1) year from the date of payment thereof if such payment was made through misinterpretation of law, file with the Tax Commission a verified claim for refund of such tax so erroneously paid. \* \* \*"

6. Although the taxpayer applied for a refund of the motor vehicle *excise* tax, the administrative law judge recommended that the Commission deny "the claim for refund of motor vehicle *rental* tax". [Emphasis supplied.] We will assume here that the judge's recommendation addressed itself to the taxpayer's request for refund of motor vehicle *excise* tax. See pertinent parts of taxpayer's refund request quoted *supra* note 4; see also the taxpayer's argument at the July 8, 1986 hearing on the refund request (transcript at pgs 8–10), during which this colloquy occurred:

   "JUDGE ELKOURI: ... It's my understanding that we have a claim for refund in the amount of one hundred and forty-eight thousand some dollars. Is that correct?

   \* \* \* \* \* \*

   JUDGE ELKOURI: Is that the amount ... that was due on the rental tax or is that what was due on the excise tax?
   MR. STUTZMAN: [sic] No, sir, that's what I call the excise tax, the up front tax.

   \* \* \* \* \* \*

   JUDGE ELKOURI: So under the exemption, you're coming in and saying you want the 2105(i) excise tax based on the exemption in view of the fact the cars were rented for longer than twelve months, or kept in inventory, or whatever you wish to call it. Thank you. That clarifies it for me...."

   Our conclusion is consistent with the taxpayer's petition-in-error and its appellate brief, the latter of which states at page 2:

   "Therefore, on those automobile[s] for which Budget paid the *original transfer excise tax* and also held for longer than twelve (12) months, Budget paid twice the tax contemplated by the statutes. Budget is seeking refund under Title 68 O.S., § 227 for these amounts." [Emphasis added.]

7. The use of the phrase "mistake of fact" is consistent with the terminology found in 68 O.S.1981 § 228 which pertains to hearings on claims for refunds:

   "(a) \* \* \* If, upon such hearing, the Tax Commission finds that such tax was erroneously paid through *mistake of fact....* it shall enter its written order allowing said claim for refund...." [Emphasis added.]

8. The Court of Appeals, holding that "double taxation" was not intended by the legislature, noted that 68 O.S.Supp.1982 § 2110(B), *supra* note 3, provided the rental tax is "in lieu of the motor vehicle excise tax" imposed by 68 O.S. Supp.1982 § 2103, *supra* note 1.

phrase "error of fact" within the context of § 227.

## I

## TAXES VOLUNTARILY PAID ON EXEMPT PROPERTY ARE NOT RECOVERABLE ABSENT A SPECIFIC STATUTE CONFERRING SUCH CLAIM ON THE TAXPAYER

The record indicates the taxpayer was fully cognizant of the available § 2105(i) exemption when it paid the motor vehicle excise tax on cars it purchased during 1983 and 1984. The taxpayer also understood that a tax would be levied on the rental proceeds generated by those cars. Yet, at the time of each purchase the taxpayer *chose* not to claim the exemption because it did not want to incur the twenty-percent penalty imposed by § 2105(i) for failure to hold an automobile the required twelve-month period.

■ Generally, taxes *voluntarily paid* on exempt property are not recoverable absent a specific statute conferring such right.[9] This rule is necessary for orderly and efficient administration of gov-

ernmental affairs.[10] The antithesis of this principle is that an erroneous tax *involuntarily paid* because of duress (i.e., compulsion) or mistake of fact may be recovered.[11] The law's mistake-of-fact exception is implicitly recognized by § 227 where the statute speaks of "error of fact." [12]

■ Here, the taxpayer was free to avoid payment of the excise tax at the time it purchased a vehicle. The taxpayer had satisfied the prerequisites for § 2105(i) and, hence, was entitled to the exemption irrespective of the time it may have then intended to hold the car.[13] The taxpayer simply was not compelled to pay excise tax on the automobiles it purchased.

## II

## FAILURE TO CLAIM EXEMPTION FROM THE MOTOR VEHICLE EXCISE TAX BECAUSE OF AN UNCERTAIN BUSINESS CLIMATE DOES NOT CONSTITUTE AN ERROR OF FACT UNDER 68 O.S.1981 § 227

■ The taxpayer claims it was unable accurately to predict how long it would

---

9. *Johnson v. Grady County,* 50 Okl. 188, 150 P. 497, 503 [1915]. In *Louisiana Realty Co. v. City of McAlester,* 25 Okl. 726, 108 P. 391, 392 [1910], the court stated, "In order to entitle one to recover taxes voluntarily paid, they must have been paid through mistake of fact, ... provided the mistake was not caused by his own neglect of duty ..."; see generally Annot., *Tax on Exempt Property—Recovery,* 25 A.L.R.4th 186, 192–195 [1983].

The principle that money voluntarily paid with full knowledge of the facts may not be recovered is rooted in common law and has general application. Examples include a payment made according to the terms of a settlement agreement (*L.E. Smith Const. Co. v. Bearden Plumbing & Heat. Co.,* Okl., 372 P.2d 229, 231 [1962]); payment of county assessments (*City of Wewoka v. Dunn,* 201 Okl. 286, 205 P.2d 291, 294 [1949]) and voluntary payment of a cashier's check (*Hadley v. Farmers' Nat. Bank,* 125 Okl. 250, 257 P. 1101, 1103–1104 [1927]).

10. In *Nettleton's Ex'r v. City of Louisville,* 191 Ky. 581, 230 S.W. 957, 958 [1921], the court said "the orderly and efficient administration of municipal affairs should not be interrupted or interfered with by requiring [the municipality] to return to taxpayers, taxes which have been voluntarily paid and which have been used or

apportioned ... to its various administrative bodies; for if such things may be done, *it necessarily makes uncertain and precarious the funds which the city may properly set apart to its several departments."* [Emphasis added.]

11. See *State v. Ward,* 189 Okl. 532, 118 P.2d 216, 221–222 [1941], where we allowed a refund because, inter alia, the facts indicated the taxpayer involuntarily paid gross production taxes; see also Annot., *Tax on Exempt Property—Recovery, supra* note 9 at 195–206.

12. Although the current version of § 227(a), *supra* note 5, makes no express provision for *"mistake of fact,"* the original version adopted by the legislature (then 68 O.S.Supp.1943 §§ 13.1 and 13.2) used "mistake of fact" and "error of fact" interchangeably. Presumably the legislature understood the terms to be synonymous. See also the use of the phrase "mistake of fact" in 68 O.S.Supp.1981 § 228, *supra* note 7.

13. Intent to hold a vehicle for more than twelve months is not a prerequisite for the exemption. Any person satisfying the field-of-business requirement (i.e., short-term rental of automobiles without a driver) may claim the exemption even though he fully intends to transfer the exempt automobile within the ensuing twelve months.

hold a car in its inventory because of a changing market and uncertain economic conditions. This inability, it argues, constitutes an error of fact contemplated by § 227. We disagree.

■ In *Vinson Supply Co. v. Oklahoma Tax Comm'n*,[14] we reasoned that a change in material facts occurring after the payment of use tax constitutes an error of fact for § 227 purposes.[15] More specifically, the case stands for the rule that there must be a change in a material fact which is within the control of someone other than the taxpayer.[16] Accordingly, *where the taxpayer controls all material facts, there can be no error of fact to support a claim for refund.* A fact is material when it, alone or in part, causes the tax to be statutorily due and payable.[17]

The taxpayer here had *sole charge* over the taxable event—the purchase of the automobiles and the concomitant transfers of legal titles. The taxpayer also controlled *all facts* pertinent to the exemption. We are not unaware that statewide fluctuations in the used-car market are beyond the taxpayer's control, but consideration of economic reality is not a fact material to the taxable event.[18] Rather, it is merely a factor the taxpayer must consider when deciding whether to claim the exemption.

Even giving § 227 a liberal construction,[19] we must hold today the taxpayer voluntarily paid vehicle excise tax because of an improvident business decision, not through an error of fact.

## III

ANY DOUBLE TAXATION ARISING FROM OKLAHOMA'S VEHICLE EXCISE TAX AND RENTAL TAX RESULTS NOT FROM ARBITRARY STATE ACTION, BUT FROM TAXPAYER'S VOLUNTARY PAYMENT OF EXCISE TAX

■ Although the taxpayer testified it understood the taxing scheme prescribed by §§ 2103, 2105 and 2110, it now contends double payment on the same property is impermissibly mandated by a cluster of conflicting and ambiguous enactments. Failure to refund the excise tax, it argues, is a denial of due process. We agree that by paying tax on both the automobiles and the rental proceeds they generated, the taxpayer has in effect paid levies intended to apply in the alternative. Even so, there is here no double taxation in violation of the Fourteenth Amendment of the U.S. Constitution. Payment of two levies, when only one of them might have been sufficient, if caused by a voluntary taxpayer election

14. Okl., 767 P.2d 406, 409 [1988]. There, Vinson, a vendor, sold goods (manufactured in Texas) to Kerr McGee and paid the use tax mandated by 68 O.S.1981 § 1407. Although Vinson remitted the tax based on Kerr McGee's *then* representation that the goods were for delivery and use in Oklahoma, Kerr McGee *ultimately* directed that Vinson leave the goods in Texas.

15. In adopting this definition, we expressly rejected the application to tax refunds of the statutory contract definition of mistake of fact. See 15 O.S.1981 § 63 which provides:
"Mistake of fact is a mistake not caused by the neglect of a legal duty on the part of the person making the mistake, and consisting in:
  1. An unconscious ignorance or forgetfulness of a fact past or present, material to the contract; or,
  2. Belief in the present existence of a thing material to the contract, which does not exist, or in the past existence of such a thing, which has not existed."

16. In *Vinson Supply Co. v. Oklahoma Tax Comm'n, supra* note 14 at 409, Kerr McGee

exclusively controlled certain material facts—the ultimate delivery and use of goods within Oklahoma.

17. In *Grubb v. Smiley*, 142 Okl. 19, 285 P. 38 [1930] (Syllabus ¶ 4), the court stated that if a statute requires a series of acts to be performed before a tax is properly chargeable, such acts are conditions precedent to the exercise of the power to levy tax; *all* the statutory requirements must be met or the tax cannot be collected.

18. Upon transfer of title, all prerequisites for application of 68 O.S.Supp.1982 § 2103, *supra* note 1, are met, and hence excise tax is due and payable at that time. A stable market is not a condition precedent to collection of the tax.

19. 68 O.S.1981 § 227, *supra* note 5, is a remedial statute which should be construed liberally. *Shimonek v. Tillman*, 150 Okl. 177, 1 P.2d 154 [1931] (syllabus ¶ 5); *Greer v. Yellow Manufacturing Acceptance Corp.*, Okl., 436 P.2d 50, 54 [1967].

and not by arbitrary state action, does not offend any constitutional mandate.[20]

■ By urging that the statutes are ambiguous, the taxpayer is essentially claiming it paid the excise tax through a *misinterpretation of law.*[21] This claim is inconsistent with testimony that the taxpayer understood the motor vehicle excise tax scheme at the time it paid the tax. Additionally, even assuming the claim were meritorious, it would be barred by § 227's one-year limitation[22] because the taxpayer's refund claim for excise tax paid on automobiles held more than *twelve months* would necessarily have been brought more than one year after the payment of such tax.

In sum, we hold that during 1983 and 1984 the taxpayer *voluntarily paid vehicle excise tax because of an improvident business decision, not an error of fact.*

CERTIORARI IS GRANTED; THE OPINION OF THE COURT OF APPEALS IS VACATED AND THE COMMISSION'S ORDER IS AFFIRMED.

HODGES, LAVENDER, SIMMS and SUMMERS, JJ., concur.

HARGRAVE, C.J., and DOOLIN and KAUGER, JJ., dissent.

---

**20.** In the absence of arbitrary classification distinctions, the Fourteenth Amendment does not prevent double taxation. *Shaffer v. Carter,* 252 U.S. 37, 58, 40 S.Ct. 221, 227, 64 L.Ed. 445, 459 [1920]; *Oklahoma Tax Commission v. Smith,* Okl., 610 P.2d 794, 805 [1980].

**21.** The taxpayer includes this proposition in its petition-in-error, though it did not fully develop the argument in its appellate brief.

**22.** See *supra* note 5 for the pertinent terms of 68 O.S.1981 § 227(b).